GATES v. CARPENTER ET AL.

1. **Guardian:** VALIDITY OF APPOINTMENT: PRACTICE. The validity of the appointment of a guardian for an insane person cannot be tested in an action by the guardian to set aside a deed of his ward, wherein the petition simply alleges that he was duly appointed and the answer denies it.

2. ———: DEED: REVOCATION. An order of the court authorizing the guardian to revoke the deed of his ward is not necessary where there was no consideration for the deed, and no act of revocation is necessary other than an application for relief to a court of equity.

3. ———: ———: INNOCENT PURCHASER. That the property conveyed by the ward without consideration has passed into the hands of an innocent purchaser will not prevent the revocation of the deed.

*Appeal from Black Hawk District Court.*

SATURDAY, APRIL 22.

THIS suit was brought by Amos Gates, as guardian of Merritt Potter, to set aside a deed of certain land in Black Hawk county, executed by Potter in 1856, and when he was about fourteen years of age.

The grantees in Potter's deed are the defendants Reynolds Carpenter, Jr., Blackmar E. Brownell, and Andrew P. Carpenter. One Edward Hathaway, who has since died, became an innocent purchaser of said land, and his heirs are made defendants hereto. Potter became insane when he was about fifteen years of age, and has remained so without any lucid interval. In February, 1871, the plaintiff, Amos Gates, was appointed guardian of said Potter by the Circuit Court of Black Hawk county. Potter, it appears, never lived in said county, nor had any person, so far as the record shows, been appointed guardian of him elsewhere. This suit was commenced in March, 1871. The heirs of Hathaway claim that Gates' appointment was invalid, and, if valid, that he had no power to disaffirm the deed without an order of court, and that the deed was not disaffirmed within a reasonable time. The court set aside the deed, and the heirs of Hathaway appeal.

*Boies, Allen & Couch*, for appellants.

The guardian has not the power to bind the estate of his ward without special authority from the court having jurisdiction of the estate. (*Robinson v. Robinson*, 22 Iowa, 427; *Winter v. Hite*, 3 Id., 143; *Kennedy v. Johnson*, 65 Pa. St., 471.) *Bona fide* purchasers for a valuable consideration, without notice of a voluntary or fraudulent grant, will be protected as well at law as in equity. (Story's Eq. Jur., §§ 435-6; *Newman v. Samuels*, 17 Iowa, 529.) Proceedings commenced by defective notice are not absolutely void, and are not subject to collateral attack. (*Pratt v. Western Stage Co.*, 27 Iowa, 364; *Webster v. C. R. & St. P. R. Co.*, 27 Id., 315; *Decatur & Co. v. Clements*, 18 Id., 536; *McKay v. Bethel*, 12 Id., 562; *Downey v. Harmon*, 13 Id., 535; *Bethel v. Leay*, 14 Id., 592; *Shawhan v. Loffer*, 24 Id., 217.)

*George Ordway* and *J. L. Husted*, for appellee.

False representations to a minor will render a deed void. (*Berger v. Udall*, 31 Barb., 9.) The attempt of a minor to appoint an agent is absolutely void, (1 Pars. on Con., 295.) Plaintiffs having no knowledge of the fraud till just before the commencement of the action, it is not barred. (*Ryan v. Doyle*, 31 Iowa, 53; 2 Story's Equity Jur., 152.) The right of the infant to avoid his contract is absolute and paramount to all equities in favor of third parties, even purchasers without notice. (*Jenkins v. Jenkins*, 12 Iowa, 195.) The ward, never having had a guardian until about the time of the commencement of the suit and never having been capable since attaining his majority of assenting to the transaction, cannot have been guilty of laches. He could not have affirmed the deed, even though he had received full consideration. (2 Kent's Com., 450; Story's Eq. Jur., §§ 222-9; *Dexter v. Hall*, Chic. Leg. News, Feb. 8, 1873.) A material misnomer of any one of the defendants renders the judgment absolutely void as to him. (*Journey v. Dickinson*, 21 Iowa, 308.) A question not considered in the court below cannot be raised in this court. (*Starry v. Starry*, 21 Iowa, 254.)

ADAMS, J.—I. Although the evidence in this case shows that Potter was not an inhabitant of Black Hawk county Iowa, at the time Gates was appointed his guardian by the Circuit Court of said county, and also shows that he had no foreign guardian, yet we do not know, nor would it be proper for us to inquire, what was the evidence before the Circuit Court upon which the letters of guardianship were issued. Again, the plaintiff avers in his petition that he "was duly appointed guardian", etc. The answer simply denies the allegation. The validity of the appointment could not be tested under such an issue. Code, sections 2716 and 2717; Revision, sections 2923 and 2925.

*1. GUARDIAN: validity of appointment: practice.*

II. Section 2551 of the Revision provides: "Guardians of the property of minors must prosecute and defend for their wards. They must also in other respects manage their interests under the direction of the court." The record shows no order of the Circuit Court authorizing the guardian to revoke the deed.

*2. ——: deed: revocation.*

It is contended, therefore, by the appellant, that the guardian has no power to revoke it, and that, it being unrevoked, the relief which he asks in a court of equity must be denied.

Potter, however, received no consideration. Had he done so, and had that consideration been retained, it might have been proper for the guardian to procure an order of court authorizing him to restore it, as a condition precedent to the revocation of the deed. The duties of guardians of lunatics in respect to the management of their property were substantially the same as those of the guardians of minors. Revision, section 1451.

But as there was no consideration to restore, there was in this matter no property to *manage* within the meaning of that word as used in the statute. No order of the Circuit Court, therefore, was necessary to enable the guardian to revoke the deed, nor was any act of revocation necessary, other than his application to a court of equity to set it aside. It being clearly for the interest of Potter that the deed should be set aside, the court will not hesitate to do it, pro-

vided it can do it consistently with the rights of other persons.

III. The fact that the property passed into the hands of an innocent purchaser does not constitute an obstacle to

3. ——: ——: granting the relief which the plaintiff asks. *Jenkins v. Jenkins*, 12 Iowa, 195. The only question which arises is as to the time of disaffirmance. Potter became of age in 1863. No act of disaffirmance was performed until this suit was brought in 1871. A period of eight years elapsed. Was that an unreasonable time? Potter being insane, without lucid intervals, had power neither to acquiesce in the deed nor to disaffirm it. We think, therefore, that the decree setting aside the deed should be