## DANIEL S. A. VALPEY vs. MILTON REA.

Essex. Nov. 3, 1880. — Feb. 23, 1881. ENDICOTT & FIELD, JJ., absent.

At the trial of a writ of entry by a judgment creditor, claiming under the levy of an execution, of a person to whom the demanded premises were devised by his father, who, some time after the will was executed, conveyed the premises by deed to the tenant, the demandant may show that the grantor was insane at the time he made the deed, and that he died without being restored to sanity, although no entry has been made, or any other act done to avoid the deed.

COLT, J. The demandant claims title as a judgment creditor of Jacob C. Rea under the levy of an execution. The land demanded was devised to Jacob C. by his father, Aaron G. Rea, who, some time after the will was executed, conveyed the same premises by deed to Milton Rea, the tenant.

At the trial, the demandant offered to prove that Aaron G. was insane when he gave the deed above named to Milton, and that he died without being restored to sanity. It did not appear that any entry had been made, or any other act done to avoid the deed, by the grantor himself, by any legally appointed guardian during his lifetime, or by any of his heirs or devisees since his death. And thereupon the judge ruled that the demandant, as a creditor of Jacob C., could not avoid the deed upon the facts offered to be proved; and that the latter had no interest or right of entry in the premises which could be attached or taken on execution by a creditor.

The deed of an insane person is ineffectual to convey a title to land, good against the grantor, or against his heirs and devisees, unless it is confirmed by the grantor himself when of sound mind, or by his legally constituted guardian, or by his heirs or devisees. *Arnold* v. *Richmond Iron Works*, 1 Gray, 434. *Allis* v. *Billings*, 6 Met. 415. *Gibson* v. *Soper*, 6 Gray, 279. *Howe* v. *Howe*, 99 Mass. 88, 98. *Carrier* v. *Sears*, 4 Allen, 336. 2 Kent Com. 451.

By the will of Aaron G., executed when he was of sound mind, the land demanded was devised to Jacob C., the judgment debtor. When that will was proved and allowed, the latter, under his title as devisee, acquired title to, and the right of entry upon, the land. This right of entry is by statute expressly

made subject to be taken on execution by a creditor, and, when taken, the latter acquires the right to recover the land by entry, or by real action in his own name; and to avoid the deed under which the tenant claims, by showing the insanity of the grantor. The demandant is not required to prove an actual entry under his title; it is sufficient, by express provision of the statute, if he proves that he is entitled to such an estate as he claims in the premises, whether as heir, devisee, purchaser, or otherwise, and also that he has a right of entry. This is deemed sufficient proof of his seisin. Gen. Sts. *c.* 134, § 3.

The evidence tending to prove that Aaron G. was insane at the time of making the deed was improperly excluded.

*Exceptions sustained.*

*D. Saunders & C. G. Saunders,* for the demandant.
*W. S. Knox,* for the tenant.