WALTHAM CO-OPERATIVE BANK *vs.* WILLIAM J. BARRY & others.

Middlesex. October 14, 1918. — November 25, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Equity Jurisdiction,* To cancel discharge of mortgage made on margin of record by mistake. *Mortgage,* Of real estate. *Attachment.*

In a suit in equity by a mortgagee of real estate for the cancellation of a discharge of the plaintiff's unpaid mortgage which had been entered by mistake on the margin of the record in the registry of deeds under R. L. c. 127, § 34, as amended by St. 1908, c. 149, it appeared that two of the defendants were attaching creditors of the mortgagor, who had attached the real estate in actions of contract after the apparent discharge of the mortgage on the record and without knowledge of the mistake, and it was *held* that the bill must be dismissed as to the defendant attaching creditors, whose liens took precedence of the plaintiff's mortgage.

BILL IN EQUITY, filed on April 28, 1917, by the Waltham Co-operative Bank, a corporation, against William J. Barry and Nellie T. Barry, his wife, also against a second mortgagee and certain attaching creditors, seeking the cancellation of a discharge of a mortgage to the plaintiff, which was entered by mistake on the margin of the record of such mortgage in the registry of deeds for the Middlesex South District, the mortgage never having been paid.

The case was heard by *J. F. Brown*, J., who made a memorandum of decision as follows:

"The plaintiff held two mortgages, one given by Nat. C. Whittaker, recorded on page 574, and one given by the defendant Wm. J. Barry, recorded on page 575 of the same record book in the registry of deeds. As this book is opened the record of the Whittaker mortgage appears on the left hand page and the record of the Barry mortgage appears on the right hand page.

"On November 26, 1915, the treasurer of the plaintiff went to the registry of deeds to discharge the Whittaker mortgage, then paid. But by accident and mistake the assistant register of deeds stamped the words of discharge upon the margin of the Barry mortgage and the treasurer signed it. The Barry mortgage was not paid. It appears by the records in the registry of deeds that the defendant Tuttle is the holder of a mortgage from Barry, dated July 14, 1916, and recorded January 17, 1917, and that the other defendants (except Nellie T. Barry who is joined as the wife of Wm. J. Barry) are subsequent attaching creditors of the defendant Wm. J. Barry, the attachment of McGlinchey being recorded on January 13, 1917; the attachment of Farley and MacNeill being recorded on February 8, 1917, and the attachment of Pittsburgh Plate Glass Company being recorded on April 10, 1917.

"I find that the words of discharge of the Barry mortgage were placed upon the margin of the Barry mortgage on the record book in the registry of deeds by accident and mistake and did not prove the payment of the mortgage debt, or cancel or discharge the mortgage, but were invalid and void.

"Let a decree be entered declaring the discharge inoperative and void, and prohibiting and enjoining the defendant Wm. J. Barry and all persons claiming by through or under him from setting up, using or relying upon said words of discharge, either as proof of the payment of the mortgage debt, or a discharge of the mortgage."

Later by order of the judge a final decree was entered in accordance with the memorandum of decision. The defendants J. A. McGlinchey and the Pittsburgh Plate Glass Company appealed from the decree.

The material part of R. L. c. 127, § 34, as amended by St. 1908, c. 149, is as follows:

"Section 34. A mortgage may be discharged by an entry acknowledging the satisfaction thereof, made on the margin of the record of the mortgage in the registry of deeds and signed by the mortgagee, or by his executor, administrator or assignee, and his signature witnessed by the register of deeds or by the assistant register of deeds, or by some person employed in the registry of deeds who shall be designated by the register for that purpose by a writing which shall be recorded in said registry; and such entry shall have the same effect as a deed of release duly acknowledged and recorded. . . ."

*W. J. Bannan,* (*J. L. Harvey* with him,) for the defendant McGlinchey.

*C. F. French,* for the plaintiff.

BRALEY, J. If Barry, the defendant mortgagor, were the only party against whom relief is sought, the mistake of the plaintiff's treasurer in discharging the unpaid mortgage on the margin of the land records under the provisions of R. L. c. 127, § 34, as amended by St. 1908, c. 149, could be rectified by the decree for cancellation which was entered by the trial court. *Swasey v. Emerson,* 168 Mass. 118. *Holbrook* v. *Schofield,* 211 Mass. 234.

But the defendants McGlinchey and the Pittsburgh Plate Glass Company after the discharge had been recorded and without actual notice of the mistake, having attached the land on mesne process as the property of Barry in actions of contract which were pending when the bill was filed, the question for decision is whether their rights as attaching creditors are subordinate to the mortgage.

The plaintiff appeared on the record at the date of the attachments to have been the owner of a mortgage which had been discharged under the statute whereby a discharge on the margin of the page where the instrument appears of record is given the same force and effect as a deed of release duly executed, acknowledged and recorded. While a by-law of the bank authorized the treasurer,

or in his absence the president or vice-president, to discharge a mortgage upon receipt of the amount, it is not alleged that the treasurer exceeded his powers or perpetrated a fraud upon the bank. The conditional limitation of the by-law was undisclosed, and the defendants rightly could rely on the record as conclusive evidence of the estate and title of their debtor. *Welch* v. *Priest*, 8 Allen, 165. *Adams* v. *Pratt*, 109 Mass. 59. *Stark* v. *Boynton*, 167 Mass. 443, 445. *Livingstone* v. *Murphy*, 187 Mass. 315, 319, 320. *Wenz* v. *Pastene*, 209 Mass. 359. The defendants accordingly are innocent purchasers for value, and, if judgment is recovered, the lien of the attachment has precedence over the plaintiff's mortgage. *Woodward* v. *Sartwell*, 129 Mass. 210. *Cowley* v. *McLaughlin*, 141 Mass. 181, 182. *D'Arcy* v. *Mooshkin*, 183 Mass. 382. *Whitney* v. *Metallic Window Screen Manuf. Co.* 187 Mass. 557.

The cases of *Bruce* v. *Bonney*, 12 Gray, 107, and *Willcox* v. *Foster*, 132 Mass. 320, on which the plaintiff places much reliance, do not support its contention, that a marginal discharge executed by mistake is absolutely void under the circumstances shown by the present record. It was held in those cases that where through mistake a discharge instead of an assignment of a mortgage had been taken, and no intervening rights were affected, a court of equity can order the discharge cancelled and the assignment substituted. *Short* v. *Currier*, 153 Mass. 182, 184.

The decree as to these defendants must be reversed, and the bill dismissed with costs.

*Ordered accordingly.*