MARY E. SUTCLIFFE *vs.* DAVID HEATLEY.

Bristol.    November 21, 1918. — February 27, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CROSBY, JJ.

*Equity Jurisdiction,* To set aside instrument for want of sufficient mental capacity in maker.

In a suit in equity, brought by the conservator of the property of the plaintiff, to set aside a mortgage and note signed by the plaintiff on the ground that the plaintiff was not of sufficient mental capacity to execute the instruments, a master found that the plaintiff "had been subject to epileptic fits for about ten years, and her mind had become permanently impaired and she did not have sufficient mental strength to care properly for her property and to understand the effect of the mortgage and note, and did not understand the effect," that she derived no benefit from signing the mortgage and note, the entire proceeds thereof going directly to her brother, through whose influence she was induced to sign them, that she had sufficient capacity to understand that she was signing a mortgage and note and did so understand, but was not of sufficient capacity to appreciate the effect the signing of the papers might have on her estate or to judge of the wisdom or unwisdom of the transaction and did not understand it. *Held,* that on these findings a decree should be entered declaring the mortgage and note to be void and ordering the defendant to deliver to the plaintiff the note and a discharge of the mortgage.

In a suit in equity to set aside an instrument on the ground that the person who executed it was not of sufficient mental capacity to be capable of transacting the business of making it, an inability to realize the true purport of the matter in hand is equivalent to mental incapacity, and when this is established the instrument is voidable.

In such a suit in this Commonwealth it is no defence that the party to whom the instrument was given acted fairly and without knowledge of the want of mental faculty or of any circumstance which ought to have put him on inquiry.

BILL IN EQUITY, filed in the Superior Court on May 29, 1916, by Mary E. Sutcliffe of Fall River by the conservator of her property, to set aside a certain mortgage to the defendant and a note payable

to him, both dated May 11, 1915, on the ground that the plaintiff was incapacitated by reason of mental weakness from properly caring for her property and was not of sufficient mental capacity to understand the nature of the papers signed by her and the transactions connected therewith.

The case was referred to a master, who filed a report containing the findings that are stated in the opinion. Later the case came on to be heard upon the bill and answer and the master's report by *Keating,* J., who reserved and reported it for determination by this court, such order to be made and such decree to be entered as law and justice might require.

The case was submitted on briefs.

*A. J. Jennings & I. Brayton,* for the plaintiff.

*J. H. Kenyon, Jr., & R. K. Hawes,* for the defendant.

Rugg, C. J. This is a suit by the conservator of Mary E. Sutcliffe to set aside a note and mortgage signed by her on the ground that she had not sufficient mental capacity to execute the instruments. The case was sent to a master, upon whose report and the bill and answer the case was reserved for our consideration. After narrating the circumstances under which the papers were signed the master found that the plaintiff "had been subject to epileptic fits for about ten years and her mind had become permanently impaired and she did not have sufficient mental strength to care properly for her property and to understand the effect of the mortgage and note and did not understand the effect." She derived no benefit from signing the mortgage and note, the entire proceeds thereof going directly to her brother, through whose undue influence she was induced to sign them. She had sufficient capacity to understand that she was signing a mortgage and note and did so understand, but was not of sufficient capacity to realize the effect it might have on her estate and to judge of the wisdom or unwisdom of the transaction, and did not understand it.

The test in cases of this kind is whether the person executing the instrument had sufficient mental capacity to be capable of transacting the business. If she could not understand the nature and quality of the transaction or grasp its significance, then it was not the act of a person of sound mind. There may be intellectual weakness not amounting to lack of power to comprehend. But an inability to realize the true purport of the matter in hand is

equivalent to mental incapacity. When this is established then a contract is voidable. It is no defence that the other party acted fairly and without knowledge of the want of mental faculty or of any circumstances which ought to have put him on inquiry. This is clearly settled as the law of this Commonwealth. *Reed* v. *Mattapan Deposit & Trust Co.* 198 Mass. 306. It is not necessary to review the cases from other jurisdictions cited by the defendant.

The findings of the master which have been set forth bring the case at bar within this rule. A decree is to be entered perpetually enjoining the defendant from foreclosing the mortgage, declaring the mortgage and note void and ordering the defendant to make, execute and deliver to the plaintiff a discharge of the mortgage in the usual form and to deliver the note to the plaintiff, and for her costs.

*So ordered.*