RALPH O. BREWSTER & another *vs.* HORACE G. WESTON
& others.

Suffolk. December 5, 1919. — February 24, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Insane Person. Attachment. Bona Fide Purchaser. Deed,* Validity.

A deed by an insane person is ineffectual to convey a title to land which is good against the grantor or his heirs or devisees unless it later is confirmed by the grantor when of sound mind, or by his legally constituted guardian or, after his death, by his heirs or devisees.

An insane person for a nominal consideration conveyed certain real estate to one who forthwith for a like consideration conveyed it to the insane person and a third person and to the survivor of them. A creditor of the third person brought an action against him to recover his debt, attached his interest in the real estate and recovered a judgment. In a suit by a guardian of the insane person to set aside the deeds and to enjoin the attaching creditor from enforcing his judgment against the land, it was *held,* that the plaintiff was entitled to an injunction against the attaching creditor because, although the attaching creditor was in the position of a purchaser for value, he obtained by his attachment no greater right than the judgment debtor had, and, the insane person's deed being voidable as to the judgment debtor, was voidable as to the attaching creditor and should be declared void.

BILL IN EQUITY, filed in the Superior Court on December 2, 1918, and afterwards amended, by the guardians of Helen Bridge Andrews against Horace Greeley Weston, Mildred White and Sydney B. Larrabee, seeking a recovery of certain personal property of the plaintiffs' ward alleged to be wrongfully in the possession and control of the defendant Weston and to have declared void deeds of certain real estate by the plaintiffs' ward to the defendant Larrabee and by him to the ward and the defendant Weston and their survivors, the defendant White having attached the interest of the defendant Weston in an action against him in which she had recovered judgment.

By leave of court, the ward, by the plaintiffs as her next friends, was allowed to intervene as a party defendant.

In the Superior Court, issue being joined as to all the defendants, the suit was heard by *Jenney,* J. Material facts found by him are described in the opinion. By his order a final decree was entered,

directing the defendant Weston to pay to the plaintiffs $1,895.42 with interest and costs; dismissing the bill without costs as to the defendant Larrabee, declaring the conveyance of the real estate by the plaintiffs' ward through Larrabee to the ward and Weston and the survivor of them to be null and void; enjoining Weston from asserting any claim thereto and directing him to execute such deed or other conveyance, if any, as might be necessary or appropriate to restore to the plaintiffs' ward the full record title to the property in question; and enjoining the defendant White "from further proceeding in pursuance of or under any execution hitherto issued in her favor against the defendant Weston in the sale of said real estate as the property of said Weston, and from interfering in any way with the possession of said Helen B. Andrews, or her guardians as aforesaid, in and to said real estate, or from creating any cloud upon the title of said Helen B. Andrews to said premises."

The defendant White alone appealed.

*H. H. Pratt*, (*J. B. Newhall* with him,) for the defendant White.

*C. Bosson*, (*E. M. Dodd, Jr.*, with him,) for the plaintiffs.

CROSBY, J. This is a suit by the guardians of Helen B. Andrews, an insane person, to set aside two deeds of certain real estate owned by the ward, and to recover certain personal property which is not involved in this appeal. The ward has been admitted as an intervening party.

The real estate was conveyed by the insane person to the defendant Larrabee for a nominal consideration, and on the same date for a like consideration was conveyed by him to the insane person and to the defendant Weston and the survivor of them and their heirs and assigns. The defendant White has attached the real estate as the property of the defendant Weston in an action brought by her against him and has recovered a judgment in that action. The trial judge found that the ward was mentally incompetent when she made the conveyance to Larrabee, and that the defendant Weston knew of her mental condition when the deed was executed. No question of ratification by the grantor arises as there is nothing to show that she has ever recovered her reason.

It is well settled in this Commonwealth that the deed of an insane person is ineffectual to convey a title to land, good against

the grantor, or his heirs and devisees, unless it is confirmed by the grantor himself when of sound mind, or by his legally constituted guardian, or by his heirs or devisees. *Valpey* v. *Rea*, 130 Mass. 384. *Allis* v. *Billings*, 6 Met. 415. *Gibson* v. *Soper,* 6 Gray, 279. *Brigham* v. *Fayerweather*, 144 Mass. 48. *Brown* v. *Brown*, 209 Mass. 388, 394.

While some confusion has arisen by reason of the use of the terms "void" and "voidable," it is settled in this Commonwealth that the deed of an insane person is not void, but voidable, and may, after the grantor is restored to his right mind, be adopted and ratified. *Allis* v. *Billings, supra. Gibson* v. *Soper, supra. Sutcliffe* v. *Heatley*, 232 Mass. 231.

As a contract made by an insane person is voidable, it is not affected by the circumstance that the other party acted fairly and without knowledge of the want of mental capacity or of circumstances which ought to have put him on inquiry, because he who deals with one who is insane or with an infant does so at his peril. *Seaver* v. *Phelps*, 11 Pick. 304. *Brigham* v. *Fayerweather, supra. Sutcliffe* v. *Heatley, supra. Reed* v. *Mattapan Deposit & Trust Co.* 198 Mass. 306, 314.

The question, whether an innocent purchaser from the grantee of an insane person is entitled to hold under his deed, is one which has not been decided by this court. It is the contention of the defendant White that, as she had no knowledge of the mental incapacity of the ward, she was justified in relying upon the record when she attached the property, and therefore is in the position of an innocent purchaser for value. R. L. c. 127, § 4. R. L. c. 167.

We are of opinion that, while an attaching creditor is in the position of a purchaser for value, *Waltham Co-operative Bank* v. *Barry*, 231 Mass. 270, yet under the circumstances here disclosed, the defendant White obtained by the attachment no greater rights in the land than the judgment debtor and grantee had, and, the deed being voidable as to him, is equally voidable as to her. On principle there can be no sound distinction between the right of the guardian of an insane person to avoid a deed as against the grantee of the ward, and one to whom the land has been subsequently conveyed. By a parity of reasoning, the right of a subsequent purchaser for value to hold the land would seem

to be no greater than that of the original grantee who took title without knowledge of the grantor's mental incapacity.

The purchaser of an apparently perfect record title is not protected against all adverse claims; it may, be bad because the grantor may have been insane, or an infant, or because title has been defeated by adverse possession. A grantee cannot assume that the previous grantors had legal capacity to convey, but must take at the risk of all through whom his title has passed. He must rely upon the covenants of his deed. The absolute and paramount right of infants and insane persons to avoid their contracts may be exercised against an innocent purchaser for value from the grantee, otherwise the law will fail to afford that measure of protection to the mentally helpless and incompetent which their condition justly requires. *Hovey* v. *Hobson,* 53 Maine, 451. *Rogers* v. *Blackwell,* 49 Mich. 192. *McKenzie* v. *Donnell,* 151 Mo. 461. *Hull* v. *Louth,* 109 Ind. 315. *Dewey* v. *Allgire,* 37 Neb. 6. *Wirebach* v. *First National Bank of Easton,* 97 Penn. St. 543, 550, 551. *Gates* v. *Carpenter,* 43 Iowa, 152. *Campbell* v. *Campbell,* 35 R. I. 211, 215. *Williams* v. *Sapieha,* 94 Texas, 430. *Burke* v. *Allen,* 29 N. H. 106. *Elder* v. *Schumacher,* 18 Col. 433. This conclusion is in harmony with those decisions which hold deeds of lunatics void rather than voidable. *Dexter* v. *Hall,* 15 Wall. 9. *Farley* v. *Parker,* 6 Ore. 105, 111. *Goodyear* v. *Adams,* 5 N. Y. Supp. 275, affirmed in 119 N. Y. 650. *Harris* v. *Jones,* 188 Ala. 633. *McEvoy* v. *Tucker,* 115 Ark. 430, 436. *Sullivan* v. *Flynn,* 20 D. C. 396, 401. *Van Deusen* v. *Sweet,* 51 N. Y. 378, 384. See however, *McCarthy* v. *Bowling Green Storage & Van Co.* 182 App. Div. (N. Y.) 18, 22, 23. Of course no title whatever can pass by a void instrument.

While it was held in the recent case of *Waltham Co-operative Bank* v. *Barry, supra,* that an attaching creditor was an innocent purchaser for value of land although a mortgage thereon had by mistake been discharged on the margin of the record by the mortgagee, R. L. c. 127, § 34, that case is not authority in support of the contention of the defendant White. *Somes* v. *Brewer,* 2 Pick. 183, and similar cases, where it is held that conveyances procured by fraud may be set aside, are plainly distinguishable from the case at bar.

We are unable to follow the decisions of courts in other juris-

dictions which hold that the deed of an insane person cannot be avoided as against a *bona fide* purchaser from his grantee. See *Burch* v. *Nicholson,* 157 Iowa, 502; *Campbell* v. *Kerrick,* 142 Ky. 279; *Odom* v. *Riddick,* 104 N. C. 515; *Greenslade* v. *Dare,* 20 Beav. 284; *Elliot* v. *Ince,* 7 De G., M. & G. 475; *Matthiessen & Weichers Refining Co.* v. *McMahon,* 9 Vroom, 536, 544; *National Metal Edge Box Co.* v. *Vandeveer,* 85 Vt. 488; *Coburn* v. *Raymond,* 76 Conn. 484.

The decree is to be affirmed with costs.

*So ordered.*