WILLIAM A. FOSS *vs.* TWENTY-FIVE ASSOCIATES OF ROXBURY, INC.

Suffolk.    May 23, 1921. — June 30, 1921.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Conservator. Mortgage*, Of real estate. *Bills and Notes*, Validity. *Equity Jurisdiction*, To set aside instruments executed by person while under conservatorship.

In a suit in equity to restrain the foreclosure of a mortgage of real estate and to set aside the mortgage and the note which it secured, it appeared that the mortgage and note were executed and delivered by the plaintiff while his property was in the control of a conservator, appointed by the Probate Court upon a petition by the plaintiff. It also appeared that the defendant in good faith loaned the plaintiff $1,000 which was secured by the mortgage, that the defendant had no knowledge of the conservatorship, that the plaintiff was at all times of sound mind and that there was no record of the conservatorship on file in the registry of deeds. By order of the trial judge a decree was entered restraining the foreclosure of the mortgage and declaring the mortgage and note null and void and ordering that they be discharged and delivered to the plaintiff. Upon appeal it was *held*, that

(1) A person whose property is placed under the control of a conservator cannot sell or mortgage it while the appointment continues;

(2) The mortgage and note were voidable, although the mortgagee and payee acted in good faith;

(3) It was immaterial that the conservator was appointed on the petition of the plaintiff;

(4) It was immaterial that the plaintiff was of sound mind when the appointment was made and the conveyance delivered;

(5) The decree of the Probate Court appointing a conservator established the fact that the plaintiff could not sell or mortgage his estate;

(6) It was not necessary that notice of the appointment of the conservator should be filed in the registry of deeds;

(7) The records of the Probate Court were notice to everybody of the appointment of a conservator;

(8) The plaintiff having elected to avoid the mortgage and note no valid title passed to the defendant and the decree must be affirmed.

BILL IN EQUITY, filed in the Superior Court on April 6, 1917, on behalf of William A. Foss of Boston, by the conservator of his property, to enjoin the foreclosure of and to procure the cancellation and discharge of a mortgage of real estate and also the cancellation of a promissory note secured by the mortgage, delivered to the defendant by the plaintiff at a time when his property was under conservatorship by order of the Probate Court.

In the Superior Court the suit was heard by *Fox,* J. The material facts found by the judge are described in the opinion. By order of the judge a final decree was entered that the promissory note and the mortgage were " null and void, because of the fact that said Foss was under conservatorship at the time of the delivery of said note and mortgage," restraining the foreclosure of the mortgage and ordering the defendant to deliver to the plaintiff the promissory note and mortgage and a discharge thereof. The defendant appealed.

The case was submitted on briefs.

*E. Greenhood,* for the defendant.

*G. F. McKelleget,* for the plaintiff.

CARROLL, J. In November, 1914, in the Probate Court for Suffolk County, on the petition of the ward, William A. Foss, one Little was appointed conservator of the property of Foss under R. L. c. 145, § 40, and such appointment continued until March 25, 1916, when John P. Feeney was appointed to the trust. In February, 1916, the defendant, as found by the trial judge, in good faith and in ignorance of said appointment, loaned Foss $1,000, which was secured by a mortgage of his real estate. It was also found that he was at all times, so far as material to this case, of

sound mind and that there was no record in the registry of deeds. of the appointment of a conservator of his property. In the Superior Court the defendant was ordered to deliver to the plaintiff, or his attorney, the promissory note for $1,000 payable to the defendant, and the mortgage given to secure its payment, together with a discharge of the mortgage. From this decree the defendant appealed.

By R. L. c. 145, § 40, see now G. L. c. 201, § 16, if a person by reason of advanced age or mental weakness is incapable of properly caring for his property, the Probate Court may, upon his petition or the petition of one or more of his friends, appoint a conservator to have charge and management of his property, subject to the direction of the court. St. 1910, c. 95 (see now G. L. c. 210, § 19), provides that the conservator shall give a bond such as is required of guardians of insane persons and that all provisions of law.relating to the management, sale or mortgage of the property of insane persons, and the payment of their debts, shall apply to such conservators. By St. 1915, c. 23, a conservator so appointed shall have the powers and perform the duties, except as to the custody of the person, as guardians of insane persons.

When the mortgage was executed and the promissory note was delivered, a conservator had been appointed and was in control of Foss's property and estate, with the same powers and duties in relation to its sale or mortgage as the guardian of an insane person. It is the settled law of this Commonwealth that the deed of an insane person is voidable and the fact that the other party to the transaction acted fairly and without knowledge of the want of mental capacity does not affect the right of the guardian of the insane person to have the instrument annulled. *Brewster* v. *Weston,* 235 Mass. 14. See *Brigham* v. *Fayerweather,* 144 Mass. 48; *Reed* v. *Mattapan Deposit & Trust Co.* 198 Mass. 306, 314; *Sutcliffe* v. *Heatley,* 232 Mass. 231. The same principle applies when a conservator has charge of the property of another. The person whose property is placed under the control of a conservator cannot sell or mortgage it while the appointment continues. The deed and contract are voidable, although the purchaser acted in good faith. St. 1915, c. 23, and cases cited *supra.*

It is immaterial that the conservator was appointed on the petition of Foss. The statute provides that the application may

be made by the ward. Nor is it material that Foss was of sound mind when the appointment was made and the conveyance delivered. A conservator may be appointed over the property of any person of advanced age or mental weakness, who is unable properly to care for it himself. The decree of the Probate Court appointing a conservator established the fact that Foss could neither sell nor mortgage his estate. St. 1915, c. 23. *Brewster* v. *Weston, supra.* It was not necessary that notice of the appointment of the conservator should be filed in the registry of deeds. The records of the Probate Court were notice to everybody of the appointment of a conservator. See *Leonard* v. *Leonard,* 14 Pick. 280; *Hall* v. *Whiston,* 5 Allen, 126; *Lynch* v. *Dodge,* 130 Mass. 458; *Talbot* v. *Chamberlain,* 149 Mass. 57, 59.

We cannot decide in this case what remedy, if any, the defendant has against Foss or his conservator, to recover the consideration for the note and mortgage. The only question before us is the right of Foss to mortgage his property and make the contract when a conservator had charge and control of his estate. The mortgage and note were voidable, and as no valid title passed to the defendant, the decree must be affirmed without costs.

*So ordered.*