## GURNETT & CO. v. POIRIER.

### No. 2865.

Circuit Court of Appeals, First Circuit.
March 14, 1934.

Charles F. Dutch, of Boston, Mass. (Richard Bancroft and Putnam, Bell, Dutch & Santry, all of Boston, Mass., on the brief), for appellant.

Joseph G. Schumb, of Boston, Mass., for appellee.

Before WILSON and MORTON, Circuit Judges, and MORRIS, District Judge.

WILSON, Circuit Judge.

On January 10, 1928, Delina M. Poirier was appointed conservatrix of her brother, W. E. Filteau, in the probate court of Middlesex county in the commonwealth of Massachusetts, because of his mental weakness. On April 12, 1929, and while the decree of the probate court was still in effect, Filteau, without the knowledge of his sister, opened a trading account with Gurnett & Co., stock brokers. He made six deposits on the account, viz., on April 12, 1929, May 14, 1929, June 29, 1929, July 15, 1929, May 5, 1930, and January 23, 1931.

The funds constituting five of the payments to Gurnett & Co. on this account were obtained by Filteau by withdrawals from Massachusetts savings banks in which he had deposits, and the sixth payment was obtained from an insurance company by a loan on an insurance policy in his name. The fair inference from the agreement of the parties as to the facts, as set forth in the referee's certificate is that the deposits by Filteau in the savings banks were made while he was mentally competent to manage his property. At least, it is clear that they were made before there was any finding by the probate court to the contrary, and there is a presumption in favor of sanity.

In case of the deposits of funds withdrawn from the savings banks, with the exception of the payment to Gurnett & Co. on May 14, 1929, the savings banks issued their respective checks which were indorsed by Filteau over to Gurnett & Co. In the case of the second payment Filteau deposited the savings bank check in a national bank and drew his own check payable to Gurnett & Co.

All these transactions were done without the knowledge of the conservatrix, who had no knowledge of her brother's savings deposits or his insurance policy until after January 5, 1932, on which date Gurnett & Co. filed a petition in bankruptcy.

Neither were the banks, the insurance company, nor Gurnett & Co. aware of the appointment of a conservatrix for Filteau until after the filing of the petition in bankruptcy by Gurnett & Co. There is no claim of lack of good faith on the part of any of the parties involved.

It is a well-established law in Massachusetts that the appointment of a conservator by a probate court is notice to the world that the ward is not competent to transact business, and all persons deal with him at their peril. Any contracts entered into with him, however, are not void, but voidable at the election of his conservator, or of himself, if he again becomes competent to manage his own affairs. Brewster et al. v. Weston et al.,

235 Mass. 14, 126 N. E. 271; Foss v. Twenty-Five Associates, 239 Mass. 295, 131 N. E. 798; Carrier v. Sears, 4 Allen (Mass.) 336, 81 Am. Dec. 707; Howe v. Howe et al., 99 Mass. 88; Godfrey v. Mutual Finance Corp., 242 Mass. 197, 136 N. E. 178; Arnold v. Richmond Iron Works, 1 Gray (Mass.) 434, 437; Brigham v. Fayerweather et al., 144 Mass. 48, 10 N. E. 735; Atwell v. Jenkins, 163 Mass. 362, 40 N. E. 178, 28 L. R. A. 694, 47 Am. St. Rep. 463; Benson v. Tucker et al., 212 Mass. 60, 98 N. E. 589, 41 L. R. A. (N. S.) 1219.

Filteau's credits with Gurnett & Co. were depleted by losses during 1929, 1930, and 1931, so that at the time of the filing of the petition in bankruptcy there was a credit on Filteau's account with Gurnett & Co. of only $966.29. During 1931 Gurnett & Co. had paid to Filteau $200, for which it is admitted the bankrupt is entitled to a credit.

The conservatrix filed a claim against the bankrupt for the full amount of the moneys deposited to her ward's credit with the bankrupt, less a certain credit, which the conservatrix has affirmed to the extent of $200.

The referee states in his certificate that, after the bankruptcy, the conservatrix repudiated "all of the foregoing transactions" except the credit of $200 allowed to Gurnett & Co. From this it appears that the referee found that the conservatrix not only repudiated the transaction with Gurnett & Co., but undertook to repudiate all voidable transactions with the banks and the insurance company. This construction finds some corroboration in the ruling of the referee that "the conservatrix may proceed against either or both." The District Court affirmed the ruling of the referee and allowed her claim. To the District Court's order allowing the conservatrix's claim, Gurnett & Co. appealed.

■ Counsel for Gurnett & Co. contends that the conservatrix having elected to disaffirm the transactions with the banks and the insurance company, as well as with Gurnett & Co., the effect was to annul the contracts on both sides ab initio, MacGreal v. Taylor, 167 U. S. 688, 17 S. Ct. 961, 42 L. Ed. 326; that Filteau therefore cannot be held to have deposited any money or checks belonging to him with Gurnett & Co., but the money or the checks by reason of the disaffirmance of the contracts became the property of the banks and the insurance company, and the sole remedy of the conservatrix is against the several banks and the insurance company, and the remedy of the banks and

the insurance company is against Gurnett & Co.

But Reed v. Mattapan Deposit & Trust Co., 198 Mass. 306, 314, 84 N. E. 469, Leighton v. Haverhill Savings Bank, 227 Mass. 67, 116 N. E. 414, hold that if the deposits in a savings bank were made while the depositor was sane, payments by the savings banks in case of withdrawal cannot be avoided by a conservatrix; also see Williston on Contracts, § 250; and while the deposit of the funds with the National Bank of Boston and their withdrawal in 1929 and the loan from the insurance company constituted new contracts, they were not void contracts, but only voidable at the election of the conservatrix. Brewster et al. v. Weston et al., supra; Brigham v. Fayerweather, supra.

Whether there was any privity of contract between the National Bank or the insurance company and Gurnett & Co., or whether they have any claim against the bankrupt, it is not necessary to decide.

■ Until repudiated Filteau could use the funds drawn from the National Bank and obtained of the insurance company in making valid, though voidable, contracts with Gurnett & Co. Carpenter v. Grow, 247 Mass. 133, 136, 137, 141 N. E. 859. The contract to purchase stocks was between Filteau and Gurnett & Co., and we think rendered Gurnett & Co. liable, upon disaffirmance, to restore to the conservatrix any funds, from whatever source lawfully obtained, deposited by her ward with the bankrupt under a contract for the purchase of stocks on a trading or margin account.

No case has been called to our attention in which the facts present the precise issues involved in this case. Whatever may be the rule in case of a purchase and sale of real estate, or other specific property, by an incompetent, it would seem like too much of a refinement of the law, and might in some cases result in depriving an infant, or an incompetent, of the protection the law throws around him, to hold, if the infant, or a conservator of a person mentally incompetent, disaffirms a contract under which the infant or the incompetent has deposited funds with a third person to purchase property, he cannot recover them, because he has disaffirmed the contract by which he obtained the funds, whether by loan or otherwise. Especially we think this is true where the funds cannot be identified in the hands of the third person, as in case of money which has been spent or otherwise dissipated, or in case either of the

parties with whom he dealt cannot make restitution in full. In so far as recovery is had of one, the infant or conservator cannot, of course, recover in full of the other, without a tender of what he has recovered. In such a case, we think it is optional with the infant or a conservator against which party he will first proceed.

We are of the opinion that the bankrupt in this case cannot object to the allowance of the claim of the conservatrix on the ground that the voidable contracts by which the ward of the conservatrix obtained any of the funds deposited with the bankrupt have since been repudiated; the ward having a lawful right to use the funds at the time they were deposited with the bankrupt as margin for a trading account, but which have since been lost.

The order of the District Court is affirmed, with costs.