JACOB J. KRESSLER, conservator, *vs.* PHOEBE M. FLYNN.

Worcester. September 27, 1948. — February 3, 1949.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Equity Jurisdiction*, Rescission, One seeking equity must do equity. *Deed*, Validity, Rescission. *Insane Person. Restitution. Unjust Enrichment. Conservator. Probate Court*, Jurisdiction, Equity proceedings, Parties. *Equity Pleading and Practice*, Parties. *Volunteer. Payment. Taxation*, Real estate tax: tax title.

A petition in equity in a Probate Court by a conservator, to set aside a conveyance made by his ward on the ground that the ward at the time he made it was mentally incapacitated, should have been brought in the name of the ward and not in that of the conservator.

One seeking and entitled to equitable relief declaring null and void a conveyance of land made by him while mentally incapacitated, should have been required to do equity by reimbursing the grantee for a sum paid by the grantee in redeeming the land from a tax title to which it was subject at the time of the conveyance.

A grantee of land having color of title under a deed thought by him to have effected a good conveyance was not an intermeddler or volunteer in redeeming the land from a tax title to which it was subject at the time of the conveyance.

A Probate Court, in a suit in equity brought in the name and in behalf of a mentally incapacitated ward by a conservator appointed by the court, seeking to have a deed of land by the ward declared null and void, had jurisdiction to require the petitioner to do equity in reimbursing the grantee for a sum paid in redeeming the land from a tax title to which it was subject at the time of the conveyance.

PETITION, filed in the Probate Court for the county of Worcester on January 24, 1947.

The case was heard by *Wahlstrom, J.*

*F. D. Casey*, for the defendant.

*W. L. Macintosh*, for the plaintiff.

RONAN, J. This is a petition filed in the Probate Court for Worcester County by the conservator of one Wood, to set aside a conveyance of two parcels of land to his daughter, the respondent, made on September 6, 1945. The respondent appealed from a decree reciting that there was no consideration for the conveyance and that Wood at the time

of the transfer was mentally incapacitated, and adjudging the conveyance to be "null and void and said ward is the lawful owner of the described premises."

These recitals in the decree as to want of consideration and lack of mental capacity are amply supported by the findings of material facts made by the judge. We do not understand that the respondent now makes any contention to the contrary. The findings of material facts bring the suit within the principle that a deed of an insane or mentally incompetent grantor is ineffectual to convey title to land good against the grantor, his heirs or devisees, unless ratified by the grantor, if subsequently restored to sound mind, or by his conservator or guardian thereto duly qualified or by his heirs or devisees. *Sutcliffe* v. *Heatley*, 232 Mass. 231. *Brewster* v. *Weston*, 235 Mass. 14. *Hermanson* v. *Seppala*, 272 Mass. 197. *Cleaveland* v. *Malden Savings Bank*, 291 Mass. 295.

The petition, which should have been brought in the name of the ward by the conservator,[1] alleges that shortly after the conveyance the respondent, acting as a volunteer and not at the request of the ward, "redeemed the said tax title" by paying to the town out of her own funds the amount due for taxes and received and recorded a certificate of redemption in the registry of deeds. The judge found that, soon after she received the deed from her father, the respondent paid the tax collector of the town the amount necessary to redeem the property and received from him a deed running to her, that her brothers had in 1936 at the request of the ward paid the taxes and received a tax title and allowed the ward and his wife to occupy the property, and that her brothers never took any steps to foreclose the ward's right to redeem the property. The judge did not find the amount paid by the respondent. The judge found that the respondent upon paying the taxes took a tax title from the town, but the petition alleges that she took a certificate of redemption. The respondent contends that she should be reimbursed for this payment.

---

[1] *Chase* v. *Faulkner*, 307 Mass. 404. *Greeley* v. *Flynn*, 310 Mass. 23.

Whatever the law may be in other jurisdictions, the principle of law was early established in this Commonwealth and has been frequently followed that the restoration of the consideration is not a condition precedent to setting aside a contract entered into by a mentally incompetent person or a minor. Our decisions rest upon the theory that if the right of insane persons or minors to avoid their contracts were conditioned upon the restoration of the consideration, then the full measure of protection that the mentally helpless and incompetent should have under the law would not be afforded them. In the course of some of our decisions applying this principle of law, the court, sensing that a hardship might result to the other party to the contract, took occasion to remark that the court was not determining the remedy, if any, which such party might have, especially, where some of the consideration was still retained by the one seeking to set aside the contract, or where the defendant had placed valuable improvements upon the land. *Gibson* v. *Soper*, 6 Gray, 279, 283. *Chandler* v. *Simmons*, 97 Mass. 508, 514. *Bartlett* v. *Drake*, 100 Mass. 174, 176. *Brigham* v. *Fayerweather*, 144 Mass. 48, 52. *Foss* v. *Twenty-Five Associates of Roxbury, Inc.* 239 Mass. 295, 298. *Hermanson* v. *Seppala*, 272 Mass. 197, 201. In an action by a beneficiary against an insurance company, it has been held that the company was entitled to be credited with the cash surrender value paid in good faith to the insured and without knowledge of his insanity when the insured, while insane, surrendered the policy to the company. *Wodell* v. *John Hancock Mutual Life Ins. Co.* 320 Mass. 1. The ward is in equity and upon the facts found, being entitled to have the conveyance set aside, he ought to do equity. Upon the payment of taxes assessed upon real estate by one having an interest therein and the recording of the certificate of payment, all right and title acquired by a town in the land under a collector's deed are extinguished. See G. L. (Ter. Ed.) c. 60, §§ 62, 63, as amended. The payment has thus accrued to the sole benefit of the ward. It follows that reimbursement of the respondent should be made a condition of granting relief to

the ward. *Thomas* v. *Beals,* 154 Mass. 51, 54–55. *Lang* v. *Giraudo,* 311 Mass. 132, 139. *Jurewicz* v. *Jurewicz,* 317 Mass. 512, 517. *Bowen* v. *Morgillo,* 128 Conn. 442, 447. Restatement: Restitution, § 158, comment b.

The petitioner contends that, as the payment was not made at the request of the ward or with his knowledge or consent, the respondent is not entitled to reimbursement. It is true that a mere volunteer or intermeddler would not be entitled to reimbursement for the taxes paid. *Massachusetts Mutual Life Ins. Co.* v. *Green,* 185 Mass. 306, 307. *Foote* v. *Cotting,* 195 Mass. 55, 61. *Newell* v. *Hadley,* 206 Mass. 335, 342–343. But in this case the only rational inference that can be drawn from the findings of the judge with reference to the payment of taxes by the respondent (*Distasio* v. *Surrette Storage Battery Co.* 316 Mass. 133, 135) is that she released the property of her father from an adverse interest in the mistaken belief that she was thereby discharging a lien upon property which she thought she had acquired by a good conveyance from him. She had the color of title and was not a mere intermeddler or volunteer. In these circumstances she is not barred from reimbursement. *Dayton* v. *Stanard,* 241 U. S. 588. *Clark* v. *Knox,* 32 Colo. 342. *Swingley* v. *Riechoff,* 112 Mont. 59. *Grosch* v. *Kessler,* 256 N. Y. 477. *Central Wisconsin Trust Co.* v. *Swenson,* 222 Wis. 331. *Utah State Building & Loan Association* v. *Perkins,* 53 Utah, 474. Restatement: Restitution, § 43. If an insane person has in his possession or control the consideration or its proceeds or the benefits which accrued to him out of the transaction which he seeks to set aside, he should upon the granting of rescission be required to restore to the other party what he derived and still has from the transaction. This limited duty to make restitution in no way interferes with the purpose of the law in permitting the rescission of contracts by those who are unable to protect themselves. It merely prevents the incapacity to enter into a contract from resulting in an unjust enrichment. The claim for restitution is good only to the extent that it can be satisfied out of what the ward still has from the transaction. Here the claim is based upon the benefit con-

ferred upon the land and resort may be had to the land for the satisfaction of the claim. *Hudson* v. *Union & Mercantile Trust Co.* 148 Ark. 249, 256. *Ortman* v. *Kane,* 389 Ill. 613. *Norelius* v. *Home Savings Bank,* 200 Iowa, 613. *Lynder* v. *Schulkin,* 305 Mich. 451. *Rea* v. *Bishop,* 41 Neb. 202. *General Casmir Pulaski Building & Loan Association* v. *Provident Trust Co.* 338 Pa. 198, 202. See Elliott, Contracts, § 386; Williston, Contracts (Rev. ed.) §§ 238, 254; Restatement: Restitution, § 139, comment b.

We do not agree with the contention of the respondent that the rights which she acquired by the payment of the tax can be determined only in the Land Court. The Probate Court has jurisdiction to appoint conservators and over all matters cognizable under the general principles of equity jurisprudence relative to the estates of the wards. G. L. (Ter. Ed.) c. 204, § 1; c. 215, § 3, § 6, as amended by St. 1939, c. 194, § 2.

An amendment to the petition is to be allowed substituting the ward as petitioner instead of the conservator. *Ryan* v. *McManus, ante,* 221, 232.

The petition should be further amended by making the respondent's husband a party respondent and, upon the allowance of such an amendment, the petition is to be further heard on the issues between the petitioner and him. The findings heretofore made against the respondent wife are to stand as to her. *J. J. Newberry Co.* v. *Shannon,* 268 Mass. 116, 120. *Lang* v. *Giraudo,* 311 Mass. 132, 139–140.

The final decree is reversed, and such new decree is to be entered as is required by the facts as finally settled; but if no new facts are found in addition to those already found or if facts are found which do not adversely affect the ward's right to relief, a decree is to be entered providing that, upon the payment of the amount found due to the respondent wife together with interest within a time to be fixed by the Probate Court, the conveyance from the ward is to be adjudged null and void, the respondents ordered to execute and deliver to the ward a good and sufficient deed of the premises and the respondents enjoined from asserting any rights under the instrument which the respondent wife re-

ceived when she paid the taxes and which she recorded in the registry of deeds, but that if payment is not so made, then a master is to be appointed to sell all the right, title and interest of the ward in the land described in the deed and, after deducting from the proceeds his fees and expenses, to pay the respondent wife the amount due her or so much as the proceeds permit, and to pay the balance, if any, to the estate of the ward, and upon such payment to the respondent wife, the conveyance is to be set aside, the deed cancelled and the respondents enjoined from asserting any rights under the tax instrument.

*So ordered.*

