PICHEL, ADMR., *v.* THE FAIR STORE CO.

(Decided April 30, 1928.)

*Mr. Sawyer S. Pichel* and *Mr. Joseph Pichel,* for plaintiff in error.

*Mr. Frank J. Richter,* for defendant in error.

MILLS, J.   The. Fair Store Company, defendant in error here, brought suit in the municipal court of Cincinnati against Joseph Pichel, as administrator of the estate of Sidney A. Loth, deceased, plaintiff in error here, for the sum of $119.89, with interest.   The suit was based upon a contract of which the following is a copy:

"Cincinnati, Ohio, November 10, 1920.

"It is agreed by and between the Fair Store Company and Sidney A. Loth, that, in consideration of

said Loth having paid to said Fair Store Company twenty ($20.00) dollars this day, the receipt of which is acknowledged, and in further consideration that the said Sidney A. Loth will pay to the Fair Store Company or F. O. Wilkinson, its attorney, the sum of fifteen ($15.00) dollars monthly on or about the 15th day of each and every month hereafter until the sum of $209.89 is fully paid, said the Fair Store Company agrees now ;to dismiss its case against the said Sidney A. Loth, No. 32594, municipal court of Cincinnati, Ohio, at its costs. Upon payment of said entire sum of $209.89, said Loth is discharged from any debt or liability to the said Fair Store Company.

"Signed in duplicate. The Fair Store Co., by F. O. Wilkinson, Atty. in Fact. Sidney A. Loth.

"Above amount is $209.89."

The trial resulted in a judgment in the municipal court for the plaintiff. The administrator prosecuted error to the court of common pleas, which affirmed the judgment of the municipal court. Error is prosecuted here seeking a reversal of the judgment of the court of common pleas.

The defense to the action was the alleged insanity of the administrator's decedent, Sidney A. Loth, at the time the foregoing written contract was entered into between him and the Fair Store Company.

It appears from the record that in November, 1920, the Fair Store Company filed suit in the municipal court against said Sidney A. Loth on an account, for goods furnished and delivered; that, while the suit was pending, the contract here in question was entered into, and in accordance with the terms thereof the Fair Store Company dismissed

its case then pending against Loth. Pursuant to the terms of this contract, Loth made six payments of $15 each, thereby reducing the balance on the account to $119.89. The last of these payments was made on June 16, 1921. On February 13, 1925, Loth was adjudged insane by the probate court of Hamilton county, Ohio, and was committed to Longview Hospital for the insane. A short time thereafter, Loth died, and this action has been brought against his administrator for the balance due under the contract.

The defendant introduced evidence as to the sanity of Loth. The testimony of the several witnesses varies as to the length of time during which Loth was insane prior to the adjudication of his insanity by the probate court in 1925. There is testimony to the effect that he had probably been insane for a year preceeding his commitment to the asylum; there is testimony that he was probably insane ten years preceding his commitment. The proof as to his sanity on November 10, 1920, when the contract was entered into, is unsatisfactory to say the least. But, however that may be, it is not necessary to determine the case on that question. The law to be applied will determine the case.

Counsel for plaintiff in error argue that all contracts entered into by lunatics are void and unenforceable; that the weight of the evidence tended to show that Loth was insane at the time the contract was entered into; that the contract is therefore unenforceable, and the judgment based upon it is erroneous.

In 14 Ruling Case Law, 584, title "Insanity," Section 40, it is said:

"The great weight of authority is, however, to the effect that, where a contract with an insane person has been entered into in good faith, without fraud or imposition, for a fair consideration, without notice of the infirmity, and before an adjudication of insanity, and has been executed in whole or in part, it will not be set aside unless the parties can be restored to their original position. Such contracts are enforced against the insane person, not so much because they possess the legal essential of consent, as because by means of an apparent contract he has gained an advantage or benefit that cannot be restored, and that therefore it would be inequitable to permit him or those in privity with him to repudiate it."

In *Hosler* v. *Beard,* 54 Ohio St., 398, 43 N. E., 1040, 35 L. R. A., 161, 56 Am. St. Rep., 720, the first two propositions of the syllabus of the court read:

"1. As a general rule the promissory note of a person *non compos mentis,* is invalid; but the rule is subject to the qualification that when such a note is given for necessaries, or for other adequate consideration of benefit furnished the maker in good faith without knowledge of his unsound mental condition, it may be enforced to the extent of the value of the consideration so furnished.

"2. Such mental incapacity of the maker is *prima facie* a complete defense to an action on a note signed by him, and, when interposed, the burden is upon the plaintiff to prove the consideration for the note, and other facts necessary to overcome such defense and entitle him to recover."

Our examination of the foregoing case leads us to the conclusion that it is the law in Ohio that a

contract made by an insane person can be enforced in favor of the other party when such contract has been entered into by the other party in good faith, without knowledge of the insanity, and for fair and adequate consideration, and when the consideration that has passed to the insane person cannot be returned.

The plaintiff in the trial court tendered evidence to prove that the original account was for necessaries. The trial court excluded this evidence, restricting the plaintiff to evidence as to the contract sued upon and excluding evidence as to the original account. This ruling of the court was probably made on the ground that the excluded evidence was tendered at an improper stage of the trial.

It was also in evidence that the contract sued upon was entered into by Loth in the presence of, and evidently with the advice and approval of, an attorney at law, employed by him to represent him in the action in the municipal court.

It is in fact not claimed that the company acted in bad faith, or that it knew or even suspected Loth to be insane.

The consideration, to wit, the dismissal of the suit, had been received by Loth and cannot be restored to the Fair Company, inasmuch as action is barred on the original account, which formed the basis of the suit in the municipal court that was dismissed in 1920, pursuant to this contract.

We are of opinion that there was sufficient evidence to show the good faith of the company and the fairness of the contract; and, since it is not possible to restore to the company the consideration received from it by Loth, we hold that the trial court

was correct in rendering judgment against Loth's estate.

The judgment of the court of common pleas, affirming the judgment of the municipal court, will therefore be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.