VIRGINIA I. POOLE V. GERALD HUDSON and MARTHA R. HUDSON, his wife.

(*August* 13, 1951.)

CAREY, J., sitting.

*August F. Walz* (of Hastings, Stockly and Walz) for plaintiff.

*Henry A. Wise, Jr.,* for defendant Martha R. Hudson.

No appearance for defendant J. Gerald Hudson.

Superior Court for New Castle County, No. 58, Civil Action, 1951.

CAREY, Judge:

The question for decision is whether the defendant's affidavit "shows on its face a condition of facts which, if true, would constitute a legal defense" to plaintiff's *scire facias* action. 1 *Woolley Delaware Practice* 197. More specifically, is it a complete defense in this case to show that Mrs. Hudson was "under the influence of opiates and did not know the nature and character of the papers she signed"?

The affidavit suggests, but does not expressly aver, mental incapacity at the time of the transaction. It was held in Delaware, at a very early date, that drunkenness, even though self induced, may furnish a ground for avoiding a contract. *Dulany v. Greene*, 4 *Harr.* 285. Unquestionably, mental incapacity resulting from the use of drugs would likewise justify the same result. But, in every instance of mental impairment, regardless of its cause, if no circumstances of unfairness, fraud, duress or undue influence appear, the reasoning powers must be so impaired as to render the person actually incapable of comprehending and acting rationally in the particular transaction. *Warwick v. Addicks*, 5 *W. W. Harr.* 43, 157 *A.* 205; 17 *C. J. S., Contracts*, § 133, *page* 479. For example, merely being under the influence of intoxicating liquors is not enough to avoid a contract. 17 *C. J. S., Contracts*, § 133, *page* 483. The same is true of drugs. *Shotwell v. First National Bank*, 127 *Neb.* 676, 256 *N. W.* 508. Incapacity does not necessarily result from "being under the influence".

In this case, the affiant does not aver that her mind was influenced by the drug to the extent that she was incapable of understanding the transaction. The plaintiff should not be deprived of his foreclosure remedy simply because she did not know the nature of the papers she signed if her lack of knowledge was not due to a mental inability to comprehend their true character.

We are not here concerned with a situation where inequitable conduct on the part of the plaintiff or any one else influenced the action of a person under some temporary mental impairment. No such case is made out and those authorities which deal with that type of situation have no present materiality. *Sutcliffe v. Heatley*, 232 *Mass.* 231, 122 *N. E.* 317, which has been cited by defendant, is in that category.

■■ Assuming, however, that the affiant actually intended her words to mean that she *could not* understand the papers she signed, the result would be the same. The transaction would not be void, but voidable, at most. *Industrial Trust Co. v. Miller*, 5 *W. W. Harr.* 554, 170 *A.* 923; *Poole v. Newark Trust Co.*, 1 *Terry* 163, 8 *A.* 2d 10. Where a contract has been entered into with a person mentally incompetent, in good faith, without fraud or imposition, for a fair consideration, without notice of the incompetency, and has been executed in whole or in part, the contract will not be set aside unless the parties can be restored to their original position. *Poole v. Newark Trust Co., supra.* This principle, though of equitable origin, is today applied in most common law Courts. *I Williston on Contracts (Rev. Ed.)* 746; *Pichel v. Fair Store Co.*, 29 *Ohio App.* 322, 163 *N. E.* 511. It would be grossly unfair to allow a person to repudiate a contract without returning, or offering to return, the benefits which he received thereunder. 28 *Am. Jur.* 717; *Flach v. Gottschalk Co.*, 88 *Md.* 368, 41 *A.* 908, 42 *L. R. A.* 745.

We have here, under the present assumption, nothing more than an averment of mental incapacity. The defendant does not say that the plaintiff had notice of her condition, or that she received no consideration, or that she was the victim of fraud or imposition, or that plaintiff was guilty of any bad faith. She does not say that she can and will return the consideration or has offered to return it.

■ The defendant's counsel questions the propriety of granting the present motion on the ground that all the perti-

nent facts are not before the Court, but he has not asked leave to file any further affidavits. Even if all of defendant's statements in the present record be true, no adequate defense is made out.

Plaintiff's motion must be granted.