HOWLAND BROS. & CAVE *v.* BARRE SAVINGS BANK & TRUST COMPANY AND GREEN MOUNTAIN ELECTRIC CO.

November Term, 1912.

Present:  ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 16, 1913.

*Interpleader—Procedure—Status of Parties—Judgment on Pleadings.*

After a decree for the orator in a bill of interpleader, each defendant occupies the position of plaintiff as against the other, and so must state his own claim and answer that of the other.

Where the pleadings of the claimants in interpleader disclose agreed facts conclusive of their rights, the case may be disposed of on the pleadings, but if these present a material issue of fact, the case must be tried by the court, or by reference, or at law.

In interpleader to determine the right to a fund due a corporation, which one claimant, a bank, insisted had been assigned to it to apply on notes executed by the officers of the corporation for the purchase of a business taken over by the corporation, and the bank assumed that the acts and dealings of the corporate officers were those of the corporation, but the other claimant, who was the assignee of the corporation for the benefit of its creditors, set up the officers' want of authority to assign the fund or execute the notes, the case cannot be determined on the pleadings.

APPEAL IN CHANCERY, Washington County. Heard at Chambers on March 5, 1912, on the pleadings, *Taylor*, Chancellor. Decree for the orators. The defendant appealed. The opinion states the case.

*W. William Scott* for the Barre Savings Bank & Trust Co.

*Theriault & Hunt* for the Green Mountain Electric Co.

MUNSON, J. The firm of Howland Brothers & Cave brought this bill of interpleader against the Barre Savings Bank and Trust Company and the Green Mountain Electric Company, and such proceedings were had thereon that the chancellor ordered that the orators be discharged upon their paying the fund into court, and that the defendants interplead.

The bill sets up the following matters. May 3, 1909, E. E. Larabee, the president of the Electric Company, personally purchased from F. W. Nichols, for $3,000 in cash, an electrical business in Barre, which he immediately sold and transferred to the Electric Company, receiving in payment 35 shares of its stock of the par value of $3,500. The sum paid Nichols was borrowed from the defendant Bank on three $1,000 notes which were signed by E. E. Larabee, H. C. Larabee, who was the treasurer of the Electric Company, and F. W. Nichols. The notes were written "I promise to pay," and recited that the promissor had deposited with the Bank as collateral security for the indebtedness a certificate of 35 shares of the stock of the Electric Company,

with authority to sell the same in default of payment and apply
the avails on any sums due from the promissor on account of
this obligation or otherwise. These shares were issued to E. E.
Larabee, and were duly assigned by him as such collateral. In
July, 1909, Howland Brothers & Cave engaged the Electric Com-
pany to equip their building with wires and fixtures at prices
amounting to about $3,000, of which sum $1,493.59 remained
unpaid when the work was completed, on or about September
30, 1910. April 16, 1910, Howland Brothers & Cave, through
F. G. Howland as its representative, paid the Electric Company
$1,500 to apply on the above contract, the payment being made
to H. D. Larabee as treasurer of the company. Before this
payment was made, said Howland, and said Larabee, acting for
the Electric Company, agreed that if Howland would make this
payment the balance becoming due on the contract should be
applied in payment of one of the thousand dollar notes above
described and interest for one year on all the notes. June 30,
1910, the Electric Company borrowed $800 from the Savings
Bank on a joint and several note which was signed by the Elec-
tric Company, H. D. Larabee, treasurer, and by H. D. Larabee;
$500 of which note remained unpaid. Frank G. Howland, of
Howland Brothers & Cave, was treasurer of the defendant Bank,
and both the above loans were obtained through him as such
treasurer. October 14, 1910, the Electric Company made an
assignment for the benefit of all its creditors, and the $1,493.59
still due on the above contract is now demanded by its assignee.

By the order of the chancellor, which was filed October 23,
1911, the defendant Bank was to set forth its claim and file the
same within thirty days; the defendant Electric Company was
to file its claim and answer the claim of the Bank within forty
days; and the Bank was to reply in five days thereafter. The
Bank filed nothing within the thirty days, but the Electric Com-
pany filed within forty days a plea accepting the statements of
the bill as true, and alleging that for a long time before and at
the time of making its assignment the company was badly in-
solvent. The printed case contains a plea of the Bank which
was sworn to in December, the day not appearing, and a plea
of the Electric Company which was sworn to December 27, and
a reply of the Bank which was filed February 6, 1912. Nothing
further appears to indicate the time of filing the pleas, and in

stating their substance we follow the order designated in the decree of the chancellor.

The defendant Bank admits the averments of the bill, and alleges further that previous to said payment of $1,500 to the Electric Company by Howland Brothers & Cave, the defendant Bank had threatened to bring suit on said notes and trustee the Howland firm, and that it was then agreed by said Larabee and said firm and the Bank that in consideration of the Electric Company receiving this payment at the time and in the manner set forth in the bill, the balance of the contract price should be paid to the Bank; and that the Bank relied upon the agreement so made by Larabee, and was induced thereby to refrain from bringing such suit, and that this constituted a verbal assignment of the balance of the claim which the court will enforce for the protection of the Bank.

The Electric Company concedes the truth of the matters stated in the bill, and alleges further the fact of its insolvency as above stated; and asserts that the notes in question were the personal notes of the signers, and that H. D. Larabee as treasurer of the Electric Company had no authority under its by-laws, and no right, to transfer its funds to satisfy the personal debts of himself or anyone else, and that there was no consideration for the assignment claimed by the Bank.

The Bank states in reply that at the time the agreement was entered into it had no knowledge that the Electric Company was insolvent or in contemplation of insolvency; that it had no knowledge that the Electric Company had adopted by-laws until informed of the fact by its claim as filed; that the loan of $800 was made in reliance upon the assignment claimed as above stated; that it was always known both to the Bank and to the Electric Company that the notes in question were the notes of the Electric Company, and that at the time of the agreement regarding them they were so understood and treated by all the parties to the transaction; that all its dealings with E. E. Larabee as president and H. D. Larabee as treasurer were understood to be and were the dealings and acts of the Electric Company, had for and in behalf of that company.

Upon consideration of the pleadings, the chancellor decreed the fund to the assignee of the Electric Company. Among the papers printed is a reply of the orators to the new matter alleged by the Electric Company, in which it is stated that the

notes were taken out in the name of the Electric Company, . (evidently meaning that they were taken in the names of E. E. Larabee and his cosigners,) for the purpose of carrying out the deal between said Larabee and the Electric Company, and that they were always treated and considered by the orators as an obligation of the Electric Company, and were so understood by the parties to the arrangement and agreement set forth in the bill of interpleader. It is not necessary to inquire whether this reply is properly in the pleadings, nor whether it is to be assumed that the chancellor so treated it; for it is merely confirmatory of the statements of the Bank, and brings nothing new into the case.

Each defendant to a bill of interpleader, after a decree in favor of the orator, occupies the position of a plaintiff as against the other. Hoff. Ch. Prac. 388; Seaton on Decrees, 194. Accordingly, in this case, each defendant was ordered to state his own claim and answer the claim of the other. If the statements of the claimants disclose an agreement as to facts conclusive of their rights, the case can be disposed of on the pleadings. But if their statements present an issue· regarding material facts, the case is not ripe for a determination of their rights, and further proceedings must be had. There seems to be no settled practice as to the mode of proceeding upon an issue of fact between the claimants. *City Bank* v. *Bangs,* 2 Paige, 570. The court may order a reference to a master, or a trial at law, or ascertain the facts for itself. 11 Ency. Pl. & Pr. 473; *Goddard* v. *Leech,* Wright, 476; *First Nat. Bank* v. *West River R. R. Co.,* 46 Vt. 633.

It is true that both these claimants open their statements by admitting the averments of the bill, and that the bill .contains an averment that H. D. Larabee, in making the agreement in question, was acting for the Electric Company. But it is evident from the further statements of the claimants that they do not admit this averment in the same sense. The Bank assumes in its plea, and in its reply directly states, that the acts and dealings of H. D. Larabee were the acts and dealings of the Electric Company. The Electric Company asserts that its treasurer had no authority, under its by-laws or otherwise, to enter into such an arrangement. So there was no agreement upon the facts, by virtue of these admissions, on which the court could render a decree.

It is apparent from the above statement of the pleadings that the parties are not agreed as to the substance of the case; and there has been no ascertainment of the facts, unless they can be said to have been determined by the decree. The successful claimant contends that this Court will presume that the chancellor's order was based upon adequate findings of fact, and will not find new facts for the purpose of reversing the decree. We have nothing to indicate the ground on which the chancellor disposed of the case, and we are not ready to hold that an entire case can be ascertained by an inference from the decree.

The Bank claims, not only that the decree should be reversed, but that a decree should be entered in its favor. It is said that the allegations of the Bank as to the facts which constituted the assignment, and as to the understanding of the parties at the time of the transaction, are not denied, and therefore stand admitted. Conceding this to be so, it does not meet the objection that the treasurer had no authority to make such an agreement. The question whether the Electric Company was a party to the arrangement and had the understanding alleged, depended upon whether the treasurer had the requisite authority; and the pleadings leave undetermined the question whether H. D. Larabee was acting for the company on his own motion or by authority. As against anything asserted and agreed to in the pleadings, the treasurer may or may not have had the requisite authority. The by-laws set up by the Electric Company, if treated as established, are not conclusive of the matter.

It is plain that the case as submitted to the chancellor was not ripe for decision, and that measures should have been taken for an ascertainment of the facts.

*Decree reversed and cause remanded for further proceedings.*