ALMIRA LEIGHTON *vs.* HAVERHILL SAVINGS BANK.

Essex.    January 26, 1917. — May 25, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & PIERCE, JJ.

*Savings Bank.    Insanity.    Payment.*

Where a deposit has been made in a savings bank by a woman of sound mind and she afterwards becomes insane or mentally incapacitated and when in this condition signs an order directing the bank to pay the entire amount of the deposit to her husband, if the bank pays the money to the husband in accordance with the order in the ordinary course of business without any knowledge of the insanity or mental incapacity of the woman, such payment is a discharge of the indebtedness of the bank to the woman.    Following *Reed* v. *Mattapan Deposit & Trust Co.* 198 Mass. 306.

CONTRACT OR TORT for the amount of a deposit with the defendant alleged to have been paid improperly to the plaintiff's husband upon an order signed by her when she was insane.    Writ in the Central District Court of Northern Essex dated January 3, 1911.

On appeal to the Superior Court the case was tried before *Bell,* J.    The material facts and answers of the jury to special questions submitted to them are described in the opinion.    The judge ordered a verdict for the plaintiff in the sum of $399.64, and at the request of the parties reported the case to this court for determination, judgment "to be entered on the verdict or for the defendant or a new trial granted or such other disposition made of the case as justice and equity may require."

The case was submitted on briefs.

*O. J. Carlton,* for the defendant.

*W. S. Peters, H. J. Cole & F. H. Magison,* for the plaintiff.

DE COURCY, J.    On June 9, 1902, the plaintiff's husband, Charles N. Leighton, made a deposit of $212 (which apparently belonged to the plaintiff) in the defendant bank and received a deposit book in her name.    Later he went to the bank with the deposit book and an order for the full amount, dated August 18, 1902, and signed by the plaintiff, and he was paid.    According to the special findings of the jury the plaintiff was capable of making the contract of deposit on June 9, but was incapable of giving the order

on the date of the withdrawal. It was admitted that the defendant had no knowledge of the plaintiff's insanity and acted in good faith. This action by the plaintiff for the recovery of the deposit was brought in January, 1911, and after the death of her husband.

In our opinion this case is governed by *Reed* v. *Mattapan Deposit & Trust Co.* 198 Mass. 306, in which the facts were substantially the same. In that case it was held that where a deposit has been made in a bank by a person of sound mind, and the depositor afterwards becomes insane and draws a check upon his account, which the bank pays without any knowledge of his insanity, such payment is a discharge of the bank's indebtedness to its depositor, and not a new contract which can be avoided. It is not material that here the defendant is a savings bank and not a trust company; the same relation of debtor and creditor exists between the parties for the purposes of the present case. And the fact that payment was made on the plaintiff's order to her husband, whom she had held out to the defendant as her authorized agent, does not distinguish this case in principle from the Reed case where the payment was made to the depositor in person. *Drew* v. *Nunn*, 4 Q. B. D. 661. *Hill* v. *Day*, 7 Stew. 150. *Matthiessen & Weichers Refining Co.* v. *McMahon*, 9 Vroom, 536. *Merritt* v. *Merritt*, 43 App. Div. (N. Y.) 68. See *Riley* v. *Albany Savings Bank*, 36 Hun, 513, affirmed in 103 N. Y. 669.

In accordance with the report, judgment is to be entered for the defendant, and it is

*So ordered.*