The complainants in the above-entitled cause were the owners of property situate on the northeast corner of Bergenline avenue and Twenty-sixth street, in the town of Guttenberg, Hudson county, New Jersey. They entered into a contract with one John H. Hesse, whereby the latter was to construct a garage on said premises. The contract was filed in the office of the clerk of Hudson county. Subsequently, the *Page 700 
builder, Hesse, failed to comply with the terms of the contract, and several material-men, who are defendants in the above-entitled cause, filed stop-notices with the complainants, pursuant to the requirement of the Mechanics' Lien act. P.L.1918 p. 538. The complainants filed their bill of interpleader, and deposited, thereunder, with the clerk of this court, the sum of $1,050.
The claimants, who appeared and offered proof as to their respective claims, were as follows:
 Columbia Woodworking Company ........... $240.00
 Adolph Glueck .......................... 90.00
 Frank R. Austin ........................ 226.65
 Foscale Iron Works ..................... 148.40
 William Searles ........................ 669.30

William Searles, one of the claimants, and a defendant in this cause, through his solicitor, urged that the claim of Columbia Woodworking Company, a defendant in said cause, was unobjectionable. It appears from the proofs that the said claimant served a stop-notice upon the complainants on January 12th, 1925; said defendant did not file an answer to the bill of interpleader, but filed a statement of claim within twenty days after the return date of the subpoena, pursuant to the requirements of rule 69 of this court. He (Searles) objected, however, to the allowance of the claims of Adolph Glueck, Frank R. Austin and Foscale Iron Works.
It appears that the defendant Adolph Glueck, who failed to file an answer to the bill of interpleader, did not within twenty days after the return date of the subpoena, file his statement of claim. He filed a statement of claim on July 24th, 1926 — more than eight months after the time limited by the aforesaid rule for the filing thereof had expired, and after a decree proconfesso had been entered against him by the complainants.
It appears that the defendant Frank R. Austin filed an answer to the bill of interpleader, and although a copy of the decree was served upon him on July 7th, 1926, he did not file a statement of claim within twenty days thereafter, but filed a statement of claim on the day of the hearing (April *Page 701 
4th, 1927), nine months after the time limited therefor by the aforesaid rule had expired.
It appears that the defendant Foscale Iron Works, which failed to file an answer to the bill of interpleader, did not, within twenty days after the return date of the subpoena, file a statement of claim. It filed a statement of claim November 3d 1926 — almost a year after the time limited by the aforesaid rule for the filing thereof had expired, and after a decree proconfesso had been entered against it by the complainant.
It appears that the defendant William Searles filed an answer to the bill of interpleader, and was served with a copy of the decree on July 7th, 1926. He filed a statement of claim on July 14th, 1926 — that is, within twenty days after the service of such copy of the decree.
The total amount of claims proved at the hearing was $1,374.35.
While several other parties are named in the complainant's bill as defendants, to wit, Fred Baker, John Fuhrman and George Adell, trading as Guttenberg Roofing Company, and Thomas Henry, Incorporated, I do not recall that any proof was offered in behalf of either of said parties as claimants to the fund.
In 33 C.J. 459 ch. 48, it is said:
"Two adverse claimants to a fund, who are joined as defendants to a bill of interpleader, occupy as between themselves the position of complainant and defendant. Each defendant, after a decree in favor of complainant, occupies the position of a plaintiff, and must state his own claim and answer that of the other."
The aforesaid is applicable to the ordinary case of a bill of interpleader.
Rule 69 of this court provides: "Defendants shall not plead to bills of interpleader except to contest the complainant's right to relief. In case of such contest, successful complainants shall serve a copy of the decree on all answering defendants, and until proof of such service is filed, they shall not be considered discharged. Non-answering defendants shall, within twenty days after the return day of the subpoena, and answering defendants shall, within twenty days *Page 702 
after the service of a copy of the decree, file concise statements in writing of their several claims to the fund; based on affirmative defenses, they shall, within fifteen days after the time above limited, file supplementary statements concisely setting forth such defenses. At the hearing defendants shall be confined to the ground of the claims and the causes of defenses so stated, unless leave of the court to enlarge such grounds and causes be obtained. Causes may be brought on for final hearing by any defendant, as provided for in the rules concerning litigated matters."
The aforesaid rule, in my judgment, is applicable to the ordinary case of a bill of interpleader, and must be read in connection with the provisions of the Mechanics' Lien act aforesaid. In the latter act it is provided that those who serve stop-notices thereunder are entitled to be paid in the order of priority in which such notices are served, and not pro rata.
See, also, Smith et al. v. Dodge Bliss Co., 59 N.J. Eq. 584;Taylor v. Reed, 68 N.J Law 178 (at p. 183).
In behalf of the defendant Searles it is urged that the court should require a strict adherence to the aforesaid rule of this court, and that he, by reason of his diligence in complying with its provisions, be afforded the benefit thereof. The other defendants urge that the court has power to relax or dispense with the requirements of such rule. While rule 2 of this court provides that the time limited by the rules for doing any act may, for good cause, be extended by order, either before or after the expiration of the time, and rule 4 indicates that while the rules shall be considered as general rules for the government of the court and the conduct of causes, and designed to facilitate business and advance justice, they may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that strict adherence to them will work surprise or injustice, nevertheless, it appears to me that the court should not, in the case sub judice, give elasticity to rule 69 aforesaid, and, particularly when, by giving elasticity thereto, under the authority of rules 2 and 4, it would tend to circumvent the aforesaid statutory provision of the Mechanics' Lien act, giving priority *Page 703 
to claimants filing stop-notices, in the order in which such notices are served. If it were not for the aforesaid statutory provision of the Mechanics' Lien act, I would be constrained to determine that the equitable maxims that where there are equal equities, the first in order of time shall prevail, and equity aids the diligent, not those who slumber on their rights, should be so applied as to give to those who were diligent in complying with the requirements of rule 69 the benefit thereof.
I will advise an order that the several defendants shall be paid the amount of their respective claims, in accordance with the order of priority in which the stop-notices relating to such claims were served upon the complainants.
Inasmuch as the testimony in this cause has not been written up, I cannot now determine the order of priority as established by the proofs. I recall that at the conclusion of the hearing of this cause I stated that the minutes of the hearing should be written up for my perusal and consideration. Counsel did not arrange therefor, and, consequently, I have been obliged to state my conclusions based upon my recollection of the matter and the notes which I made at the hearing. Counsel should have caused the testimony to be transcribed, in order that I might determine thereform the order in which the several defendants are entitled, in my judgment, to payment of their respective claims. I assume that the testimony will establish such proof. If such proof is not established thereby, I will make an order for a reference to a master to determine the priorities in time of service of stop-notices; whereupon I will make an order in accordance therewith. *Page 704 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 705