ISABELL E. CONWAY, complainant,

*v.*

JOHN E. CRON et al., defendants.

[Decided June 23d, 1936.]

*Mr. Harry Phillipson,* for the defendants J. W. Pierson Company, Pierson Concrete Products Company and Newark Sand Company.

*Mr. Philip Ox,* for the defendants Louis Tenore, Tony Appezzato and Westfield General Contracting Company.

*Mr. Lawrence Friedman,* for the defendant Israel Epstein.

*Messrs. Schwartz & Schwartz,* for the defendant John P. Callaghan, Incorporated.

*Mr. David Ehrlich,* for the defendant Greenberg Sash, Door and Supply Company.

*Mr. Frank Long,* for the defendants Garrabrants & Zumbusch.

SOOY, V. C.

Defendants are stop-notice creditors and appear as defendants after decree of interpleader, with the exception of John P. Callaghan, Incorporated, who is a judgment creditor.

At the final hearing it was determined that the stop-notice creditors were entitled to have their claims paid prior to that of the judgment creditor. The claim of the Westfield General Contracting Company was disallowed by reason of the finding by the court that the claimant had filed in an excessive amount, to such an extent as to convince the court that there was fraud in the filing thereof.

At the final hearing it appeared that two of the defendants, Garrabrants & Zumbusch and the Greenberg Sash, Door & Supply Company, had filed their statements of claim prior to the final hearing but beyond the time allowed by rule 69 of this court. These defendants were permitted to prove their claims, over objections of the other defendants, and the question as to final allowance was reserved by the court, with the intimation that the court was disposed to relax the rule and permit said defendants to participate in the distribution of the moneys so as aforesaid paid into court.

Since the final hearing, I have given the matter further consideration and have analyzed the rules as they stood in 1917 and as they were amended in 1934.

Vice-Chancellor Fallon, in *Israel* v. *Baker, 101 N. J. Eq. 699; 139 Atl. Rep. 526,* in December of 1927, construing rule 69 (1 *N. J. Mis. R.* 748) as it then stood, held that: "non-compliance with said rule would not deprive stop-notice claimants of their statutory preference."

In that case, as here, rules 2 and 4 (1 *N. J. Mis. R.* 723) of this court were urged, the former of which provides: "The time limited in these rules for doing any act may, for good cause, be extended by order either before or after the expiration of the time."

Rule 4 (1 *N. J. Mis. R.* 723), provides: "These rules shall be considered as general rules for the government of the court and the conduct of causes, and as the design of them is to facilitate business and advance justice, they may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work surprise or injustice."

Rule 69 (1 *N. J. Mis. R.* 748), as it stood at the time of the decision in *Israel* v. *Baker, supra,* did not specifically provide

for a penalty upon failure of a stop-notice defendant to file a statement of claim. The same rule, as amended by the chancellor on January 1st, 1934, after providing for the time within which the statements of claims should be filed by defendants in interpleader suits, added the following paragraph: "Failure to file a statement shall be deemed a waiver of the claim."

Inasmuch as the chancellor had before him the interpretation of the rule by Vice-Chancellor Fallon, it is evident that the purpose of the amendment was to overcome the construction of rule 69 which had been placed thereon in that case.

The result necessarily is that the elasticity accorded rule 69 by Vice-Chancellor Fallon is withdrawn and the rule must be enforced, at least in cases where some strong equity does not appear, impelling the court to invoke rules 2 and 4.

Reading rule 69, in connection with the Mechanics' Lien act, one who has filed a stop-notice is advised that he had a priority over those who file a subsequent notice but that, in interpleader, he must file the necessary statements of claim and defenses to claims, as therein provided, or be deemed to have waived his claim. And those stop-noticing defendants who have complied with the rule are advised in advance of final hearing that which they have to meet in the presentation of evidence to support their own claims, as well as to defend against another. Thus the diligent are protected and the final hearing expedited.

The decree must be that the two claims in question be disallowed.