WINDSOR LOCKS BUILDING AND LOAN ASSN.
vs.
IRVING K. BUTLER, ET AL.

Superior Court        Hartford County        File #57312

MEMORANDUM FILED JUNE 30, 1938.

Frank E. Healy, of Hartford, for the Plaintiff.

David Cramer, of Torrington and Litchfield; Parmelee & Carlson, of Hartford, for the Defendants.

O'SULLIVAN, J.   In the first count, the complaint alleges a cause of action to foreclose a mortgage executed on February 2, 1933, by the defendants, Robert M. Alderman and his wife, Florence.   The property is now owned by the defendant Butler, who acquired title in 1937 through the foreclosing of a second mortgage given to him by the Aldermans. In addition to the mortgage, the Aldermans had secured their loan through the hypothecation of 13 shares of the capital stock of the plaintiff corporation which had been issued to them when the loan was made.   The note which they executed provided for monthly payments amounting to $26.15, of which $13.00 was applicable to the purchase price of the shares of stock, while the balance of $13.15 was to be credited to the principal and interest arising under the mortgage loan.   For many months the Aldermans complied with their agreement but eventually fell into default and the plaintiff has now

brought this action to foreclose its mortgage. The present value of the shares of stock, which is treated as a cash item, amounts to $636.61. As the association is thoroughly satisfied to look to the mortgage for the payment of its debt, it wishes to pay the value of the shares of stock to the rightful owner, but as both the Aldermans and Butler make claim to the fund, a second count was set forth in the complaint asking for an interlocutory decree of interpleader, which relief was granted. Thereafter, the defendants filed their statements of claim. The Aldermans have answered that filed by Butler but the latter has failed to answer the Alderman statement. Each defendant, after an interlocutory decree of interpleader, occupies the position of a plaintiff and must not only state his own claim but also answer that of the other. *Howland Brothers vs. Barre Savings Bank*, 87 Vt. 181, 88 Atl. 732; *Israel vs. Baker*, 101 N. J. Eq. 699, 139 Atl. 526.

In order to keep the record straight, it is suggested that counsel for Butler file a denial before July 5, 1938, as the order on this memorandum will be held in abeyance until that date.

The problem which the parties have endeavored to iron out is simply this: where a mortgagee holds personal security in addition to his mortgage, may a subsequent mortgagee insist that the amount of the loan be reduced by the application to it of the value of the hypothecated collateral, in order to reduce the amount of the debt to be paid by such subsequent mortgagee, in the event he wishes to redeem. The mechanics of a bill in the nature of an interpleader is a cumbersome, if not an improper method, to solve the problem which the parties have endeavored to present. Under the old English chancery practice, a bill of interpleader could be maintained only by a stakeholder having no interest in the disposition of the fund, nor any substantial right of his own to be litigated, and who had incurred no independent liability by his own act or contract to either of those having conflicting claims to it. These rules were somewhat relaxed in the system of equity pleading formerly followed in this State. *Century Indemnity Company vs. Kofsky*, 115 Conn. 193. And it was intimated in *Consociated Presbyterian Society vs. Staples*, 23 Conn. 544, at page 555, that it might conduce to the ends of justice to relax them still further, and do away with the distinction between bills of interpleader and bills in the nature of bills of interpleader. *Union Trust Company vs. Stamford Trust Company*, 72 Conn. 86. Since 1893 there has been in force a

statute which provides that "Whenever any person shall have, or shall be alleged to have, any money or other property in his possession which is claimed by two or more persons, either he, or any of the persons claiming the same, may bring a complaint in equity, in the nature of a bill of interpleader, to any court which by law has equitable jurisdiction of the parties and amount in controversy, making all persons parties who claim to be entitled to or interested in such money or other property. Such court shall hear and determine all questions which may arise in the case...." Gen. Stat. (1930) §5911. The statute is a remedial one and is to be favorably construed. *Union Trust Company vs. Stamford Trust Company, supra.* It recognizes a remedy not only in favor of a stakeholder, within the narrow compass of the original bill of interpleader, but in favor of any party interested in property of any description in the nature of a fund held by one party and which he cannot safely turn over to its apparent owner by reason of conflicting claims made by others. *Brown vs. Clark,* 80 Conn. 419.

But even under the breadth of this principle it is impossible, it seems to the Court, to solve, through the procedure adopted the problem the parties have raised, for obviously the fund in the hands of the plaintiff does not and never did belong to Butler. To hold that he is the rightful owner of the fund and that he should receive it from the plaintiff would be to ignore the facts entirely. His interest arises not through ownership with the attendant right to its possession, but solely through an equitable principle that he seeks to invoke. At best, the most he can hope for is a judgment that while the Aldermans are the owners of the fund, the plaintiff should be required to apply it to the mortgage indebtedness. However, this appears to be an end beyond the scope of the procedure of interpleader. The means Butler might pursue in attempting to reach his objective might well be through the filing of an appropriate pleading to the foreclosure count in the complaint, but he may not attain his end by the means of interpleader.

If judgment is entered on the phase of the case now before the Court, there may arise complications, the unravelling of which may be all out of proportion to the need. For if final judgment should not enter, it would require the plaintiff to pay to the Aldermans the fund in question, and yet that might leave the plaintiff liable if the Court, passing upon an issue created by an appropriate pleading to the count of foreclosure,

should take the law to support Butler's claim. If the problem could have been solved by interpleader, this Court would hold that the Butler claim is untenable. While there is support for his position that the fund should be applied to the mortgage indebtedness, Connecticut law appears to be against it. *People's Savings Bank and Building Association vs. Collins*, 27 Conn. 142. Contra, *Red Bank Mutual Building and Loan Assn. vs. Patterson*, 27 N. J. Eq. 223; *Phillipsburg Mutual Loan and Building Assn. vs. Hawk*, Id. 355.

It appears wiser then, to revoke the interlocutory decree, so that the parties may, if they so desire, have their real problem solved through more orderly procedure.

Accordingly, on July 5, 1938, an order may enter vacating the interlocutory decree of interpleader.