CECELIA S. GLASS *vs.* GEORGE C. P. OLSSON & others.

Plymouth.   November 1, 1943. — November 29, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Equity Pleading and Practice,* Findings by judge, Appeal.

A decree in a suit in equity awarding property held by a stakeholder to one of several claimants was affirmed, on appeal by an unsuccessful claimant, where a finding that the appellant was not entitled to the property was not plainly wrong on reported evidence.

BILL IN EQUITY, by amendment from an action at law, allowed on July 22, 1942.

The suit was heard by *Good,* J., by whose order a final decree was entered ordering delivery of the money in question to The Travelers Insurance Company and that "as to all other claimants, the bill be dismissed." The plaintiff only appealed. The evidence was reported.

*S. W. Stanton,* for the plaintiff.

*W. I. Badger, Jr.,* for the defendant The Travelers Insurance Company.

QUA, J.  This proceeding was begun in the form of an action at law in the name of Cecelia Berkowitz, now Cecelia S. Glass, hereinafter called the plaintiff, against George C. P. Olsson, clerk of the courts for Plymouth County, to recover the sum of $1,790 in bills which had been taken from the plaintiff's house by one Pumphret, chief of police of Win-

throp, while making a search of the premises, and which had later been introduced as an exhibit at the trial of an indictment against one Geagan for armed robbery and after the trial had remained in the custody of Olsson. The action was amended into a bill in equity before the hearing, and the city of Brockton, The Travelers Insurance Company, and Pumphret were all brought in as claimants. The insurance company claimed the money on the ground that it had been stolen from the city, and that the company had insured the city against theft and had indemnified the city for the amount stolen and thus under the terms of the policy had become subrogated to the rights of the city. Pumphret claimed the money "under the rules of court and under the law as he produced the exhibit, and is entitled to have it returned to him" (see Rule 109 of the Superior Court [1932]; G. L. [Ter. Ed.] c. 266, § 48), although at the hearing he made it plain that he claimed no personal interest in the money, and that he appeared as claimant only in order to secure it for the benefit of any person entitled to it. The city of Brockton admitted having received satisfaction from the insurer for its loss and disclaimed all interest.

It is unnecessary to consider whether the present proceeding is the proper one under the circumstances, since the Superior Court undoubtedly had jurisdiction of the subject matter in some form of proceeding, and all the parties making claims agreed in open court at the hearing that the "entire subject matter" of this suit "be heard and determined" in this case and waived all procedural objections.

The judge found as a fact that the disputed money "did not belong to" the plaintiff. This finding is not plainly wrong. Obviously the judge did not believe the testimony of the plaintiff that the money was hers. There was testimony from several witnesses that when the money was discovered in the plaintiff's house in a room to which Geagan had access, the plaintiff had stated that it was not her money, and that she knew nothing about it. The case was one in which the credibility of witnesses who testified orally was a highly important factor. *Hiller* v. *Hiller*, 305 Mass. 163. *Greene* v. *Cronin*, 314 Mass. 336.

The finding is decisive against the plaintiff's claim to the money and disposes of her appeal. *Savage* v. *McCauley,* 301 Mass. 162, 165; *S. C.* 302 Mass. 457. No other párty has appealed. It is unnecessary to inquire whether the evidence will support the judge's further and separate finding that this money had been stolen from the city of Brockton.

*Decree affirmed with costs to The Travelers Insurance Company against the plaintiff.*