*Southern District*

No. 85

**JAMES ARNOLD NAGARYA, by his guardian, EMILDA D. NAGARYA**

v.

**BRUCE ADAMS, D/B/A**

Argued: June 12, 1974 - Decided: Sept. 17, 1974

*Present:* Murphy, P.J., Lee, Rider, JJ.

Case tried to *Hurd, J.* in the District Court of Brockton, No. 50393.

**Lee, J.** This in an action for money had and received in which the plaintiff seeks to recover $2,500.00 by setting aside a contract for the purchase and sale of a certain ramp truck (a truck with a special constructed body to carry motor vehicles) on the grounds that the plaintiff, the purchaser of the truck, was a mentally ill person at the time of the transaction, that the transaction was without the knowledge or consent of the guardian and the plaintiff repudiated the contract.

The answer is (1) a general denial; (2) the plaintiff was represented by skilled and qualified counsel; (3) the plaintiff did not at any time pertinent hereto rescind or repudiate the said agreement or transaction, but did take,

use and destroy the truck; (4) the transactions were arms length transactions spanning some period of time in offer and acceptance, the instruments of conveyance were prepared by counsel for the plaintiff and the guardian knew or should have known of the transaction; and (5) estoppel as the guardian fraudulently withheld information of the plaintiff's mental illness from the defendant.

The court found for the plaintiff in the amount of $2,500.00.

The pertinent evidence in this case shows that on January 3, 1972, the Plymouth Probate Court decreed the plaintiff a mentally ill person and appointed Emilda D. Nagarya, the plaintiff's mother as his guardian.

The sale of the motor vehicle in question to the plaintiff by the defendant took place on January 23, 1973.

The remainder of the evidence reported in great detail by the trial justice indicates that the plaintiff's interest was protected by an attorney, and that there was an awareness of the transaction by the guardian and that the sale was normal in all respects.

The issue before this Division is whether or not the contract and sale can be rescinded by the plaintiff because of his mental capacity.

In Massachusetts, a contract made by someone who is mentally incompetent is voidable, whether or not that person is under guardianship. *Gurnett* v. *Poirier,* 69 F2d 733

(1st Cir. 1946). The contract is voidable even though the other party has acted fairly and in good faith. *Wodell* v. *John Hancock Mutual Life Insurance Company,* 320 Mass. 1.

 Ratification under proper safeguards by a guardian makes a contract valid and not voidable.

The first concern before this Division is the manner in which this case appears before us for review. Apparently the only requests for rulings of law were filed by the defendant. There is, however, no indication on the record of this filing and the language of the trial justice on page five (5) of the report is not clear as to how he disposed of these requests and this somewhat confuses the issue. He states that the court at the request of the defendant made the following rulings. There is no indication as to whether these requests were allowed or denied. We assume from the briefs and arguments that these requests were allowed by the court. We cannot stress too strongly the importance of the proper filing and treatment of these requests by counsel and court in order to perfect the record.

The defendant furthermore does not complain to be aggrieved by the allowance of these requests, but rather by the fact that the court found for the plaintiff on the grounds that the transaction was ''void ab initio'' and also on two other points; (1) the mentally ill person was of sufficient mental capacity to be

capable of transacting the business; (2) the transaction was confirmed by the legally constituted guardian.

Although these statements point out the gist of the defendant's argument, his case is not properly before us in compliance with Rules 27 and 28 of the District Courts. Nowhere in the trial justice's finding does he mention that he has found for the plaintiff because the whole transaction was "void ab initio", nor are the two points listed above set out in the defendant's requests for rulings. This type of pleading is not acceptable to this Division. We have, however, an inherent right to take jurisdiction of a case from a lower court in our discretion in order to prevent a miscarriage of justice. *Gibbons* v. *Denoncourt,* 297 Mass. 448 at 450. *Irving* v. *Bonjorno,* 327 Mass. 516 at 518. We do take jurisdiction in this case in order that justice may be rendered and to be certain it is decided on correct principles of law.

The reported evidence in this case shows that the plaintiff had a guardian appointed by the court and was also represented by able counsel throughout the proceedings; and that the plaintiff's guardian was aware of this transaction and although she did make one telephone call to the defendant relative to the matter early in 1973, she did nothing further until July 25, 1973 where upon the advice of her own counsel she wrote the de-

fendant asking to rescind the transaction and a writ was sworn out on September 10, 1973.

Additional evidence reveals that this letter of rescindation did not take effect until after the truck and the business of the plaintiff had deteriorated.

 There is a serious question raised as to whether the trial justice instructed himself correctly on the law that this transaction was voidable and not void and could have been ratified by the plaintiff's guardian making it legal and proper and not rescindable.

The case is, therefore, **remanded to the lower court for a new trial.**