[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE #136, 138
Triangulum instituted this interpleader action claiming that they were entitled to monies being held by the Bank of Boston. Triangulum was the owner of a conference center at Heritage Village that was managed by Harrison. Harrison deposited all of its receipts from the management of the center into an account with the Bank of Boston. The Bank of Boston entered into an agreement with Harrison which provided that the Bank would use all overnight funds in the Harrison account and pay to Harrison overnight interest on the account. In the industry, this arrangement is called a "sweep account". Each evening, the Bank would sweep these funds into their account, buy securities, presumably make a profit, and return the funds to the depositor the next morning. Under this agreement, Harrison was paid an agreed amount of interest on the balance in its account. In late 1990, Triangulum attempted to cancel its management contract with Harrison, which triggered a number of lawsuits in this judicial district, including this action. In a related action, the monies that were being held by the Bank of Boston were garnished and/or "restrained" pursuant to a temporary restraining order. In 1991, the Bank notified Harrison that it elected to terminate their "sweep" agreement under its terms, which they claim, provided for unilateral termination. This termination of the sweep agreement was the basis of the cross-complaint that was filed in this action by Harrison against the Bank of Boston. There is a decision in the interpleader action which orders the distribution of the monies held by the Bank. See Memoranda of Decision, dated April 2, 1992, McWeeny, J. [6 CONN. L. PRTR. 277 (1992). *] This decision also resolves the other related cases. The parties here agreed to the distribution of the funds held by the bank by their written "Stipulation Regarding Disbursements of Funds", dated October 11, 1994 (#145). In accordance with that Stipulation, all monies held by the Bank were distributed to Harrison except for $10,000.00, which the Bank claims is due under the interpleader statute for attorneys fees and costs.
The Bank claims, in its motions to strike, that 1) Harrison's cross-claim does not state a claim upon which relief may be granted, and 2) a cross-claim is not permitted in an interpleader action. CT Page 5747
As to the Bank's first claim, the Court must construe the facts alleged in the cross-claim in favor of the nonmovant.Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, (1992). The Court finds that the cross-claim, consisting of only three short paragraphs, does allege a breach by the Bank of some understanding with Harrison, which resulted in damages sustained by Harrison. There is no question that this cross-claim is cryptic, but it nevertheless survives a motion to strike because a viable cause of action has been alleged.
Second, the Bank asserts that a cross-claim is not permitted in an interpleader action. This Court has reviewed Connecticut's present interpleader statute, § 52-484 of the Connecticut General Statutes, and has concluded that our statute encompasses cross-claims against a stakeholder within an interpleader action.
Section 52-484 states that, "[t]he court shall hear and determine all questions which may arise in the case." Our current interpleader statute is broader that its forefather. Justice O'Sullivan stated in Windsor Lock Building LoanAssociation v. Irving Butler, 6 Conn. Sup. 286 [6 Conn. Sup. 284], that "[u]nder the old English chancellory practice, a bill of interpleader could be maintained only by a stakeholder having no interest in the disposition of the fund, nor any substantial right of his own to be litigated, and who had no independent liability by his own act or contract to either of those having conflicting claims to it." See also Crozier v. Zaboori, 14 Conn. App. 457, 459-60
(1988).
Under a "bill of interpleader", only a stakeholder initiated the interpleader action. Counterclaims against a stakeholder are not permitted, but they also are never in issue. If a counterclaim exists, then the plaintiff does not meet the requirements of the bill of interpleader because he has allegedly incurred independent liability to a claimant. With the old "bill of interpleader" the counterclaim would have to be disposed in a separate action before the interpleader action could be decided. A claim against a stakeholder was resolved before the interpleader action because the interpleader judgment discharges the stakeholder from all liability from the distribution of the fund. However, it is possible that the counter-claimant will not entitled to the fund at the conclusion of the interpleader action, and resources in the previous action will have been wasted. In this case, if the alleged contract was CT Page 5748 decided separately from the interpleader action, the court may decide that Harrison is not entitled to any of the monies from the fund. In that instance, the separate contract action will have been wasteful. The bill of interpleader evolved into our present statute, which pragmatically and efficiently adjudicates all claims arising out of the "fund."
Connecticut's statute is not a bill of interpleader, but permits a bill "in the nature of a bill of interpleader." "`The difference is that in a strict equitable interpleader, plaintiff is a disinterested stakeholder, while in an action in the natureof interpleader, he is himself a claimant, whether directly orby denying the validity of some or all of the other claims.'"Avco Corp. v. Peterson Engineering Co., Superior Court, JD of Hartford/New Britain at Hartford, CV-535232, 13 CONN. L. RPTR. 26
(Nov. 16, 1994) (Mulcahy, J.) (quoting 48 C.J.S. Interpleader s. 9, pp. 132-33) (emphasis added). The court in Windsor LockBuilding, supra, contrasted the strict bill of interpleader and our present statute providing for an action in the nature of interpleader, and explained that "[t]he [present] statute is a remedial one and is to be favorably construed. . . . [I]t recognizes a remedy not only in favor of a stakeholder within the narrow compass of the original bill of interpleader, but in favor of any party interested in the property of any description."Id. at 287.
Furthermore, the Federal interpleader statute, 28 U.S.C. § 1335
specifically authorizes counterclaims against plaintiff stakeholders in interpleader actions. Similar to Connecticut's statute, the federal interpleader statute was extended to bills in the nature of interpleader, "`meaning those in which the plaintiff is not wholly disinterested.'" Ashton v. TheJosephine Bay Paul and C. Michael Paul Foundation, Inc.,918 F.2d 1065, 1069 (2nd Cir.) (quoting State Farm Fire CasualtyCo. v. Tashire, 336 U.S. 523, 532 (1967)). The Second Circuit Court of Appeals found in Ashton, that "neither the language of [U.S.C] 1335 nor the resultant case law limits interpleader jurisdiction to cases in which the plaintiff [stakeholder] has conceded liability to one or all or the defendants." Id.
at 1069.
In this case, The Bank of Boston claims to be a stakeholder, not a claimant. However, the allegations by Harrison that the Bank breached the contract relating to the sweep account, strips the Bank of its status as a disinterested stakeholder. CT Page 5749
This court also finds that the present interpleader statute is broad enough to encompass counterclaims and cross-claims against a stakeholder because it permits a stakeholder to also be a claimant. See Triangulum Associates v. Harrison ConferenceCenter of Heritage Village, Inc., 4 Conn. L.Rptr. 305, 306 (1991) (Langenbach, J.). If a stakeholder may be a claimant, and claimants interplead, then counterclaims and cross-claims against the stakeholder are permitted as part of the interpleading. The statute provides that
 [w]henever any person has, or is alleged to have, any money or other property. . . which is claimed by two or more person, either he, or any persons claiming the same, may bring a complaint in the nature of a bill of interpleader. . . .
Connecticut General Statutes, § 52-484 (emphasis added).
Furthermore, the present statute indicates, through its evolvement from the strict bill of interpleader, the legislative willingness to efficiently dispose of interpleader actions. Judicial economy and common sense demands that all claims to an interpleader fund be adjudicated within the interpleader action.
 Interpleader is a procedural device which enables a person holding money or property which is claimed by two or more other people to bring together all adverse claimants in a single proceeding for a complete adjudication of the matters in controversy . . . Interpleader is a broad joinder device to facilitate consolidation of related claims as to avoid multiple litigation as well as protection against multiple liability.
E. Stephenson, Connecticut Civil Procedures 263 p. 1088 (2d Ed. 1971, as updated to 1981). General Statutes § 52-484, entitled "Action in the nature of interpleader." For all of the reasons stated above, the court will deny the plaintiff's motions to strike.
/s/ Pellegrino, J. PELLEGRINO CT Page 5750